## SCHWETHELM v. SCHWETHELM.
### (No. 7844.)

Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1927.

Rehearing Denied Dec. 23, 1927. On Appellant's Second Motion for Rehearing Feb. 1, 1928.

I. **Husband and wife** ☞262(2)—**Spouse claiming property acquired during coverture as separate estate must affirmatively establish claim.**

Burden is on spouse, claiming that property acquired during coverture belongs to separate estate, affirmatively to establish such claim; presumption that property belongs to community being rebuttable.

2. **Husband and wife** ☞257—**Profits from husband's business, in which he commingled separate funds, constituted "community property."**

Profits derived from husband's business, in operation of which funds owned by him at time of marriage were commingled with all other funds, constituted "community property."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Community Property.]

3. **Husband and wife** ☞255—**Home purchased during coverture, wholly or partly with current profits of husband's business, becomes community property in proportion to contribution from community.**

Home purchased during coverture, wholly or partly with current profits from husband's

business, becomes property of community in proportion to contribution from community funds to purchase.

**4. Husband and wife ⟨⟩262(2)—Burden was on husband, claiming home acquired during coverture as separate property, to show purchase thereof with his separate funds.**

Presumption being that home acquired during coverture without record qualification as to title became part of community estate, burden was on husband, claiming that it was his separate property, to show that it was purchased with his separate funds, particularly in view of his exclusive management and control of business, from current profits of which it was purchased.

**5. Husband and wife ⟨⟩254—Home acquired during coverture and paid for within year after marriage from current profits of husband's business became community property, though prior or subsequent losses rendered year's business unprofitable.**

House and residence thereon, acquired during coverture and paid for within year after marriage with current profits from husband's business, became community property, though losses before or after purchase exceeded profits and rendered year's business unprofitable as a whole.

**6. Husband and wife ⟨⟩264—Presumption that property acquired during coverture is community property can be rebutted only by certain and positive evidence.**

Presumption that property acquired during coverture was common property of husband and wife can be rebutted only by certain and positive evidence.

**7. Husband and wife ⟨⟩264—Means invested should be clearly traced to separate estate to rebut presumption of community property where separate funds were used indiscriminately with community profits.**

Where funds from separate estate of one spouse are used indiscriminately with community profits of venture, to rebut presumption of community property, the means invested should be clearly and indisputably traced, through mutations and changes, to separate estate.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Erna Krueger Schwethelm against Rudolph Schwethelm for a divorce and property adjustment. Decree for plaintiff, and being dissatisfied with the property division, she appeals. Reversed and remanded as to adjudication of property rights, and otherwise affirmed.

Bell & Bell, of San Antonio, for appellant.
Victor Keller and H. S. Groesbeck, both of San Antonio, for appellee.

SMITH, J. Rudolph Schwethelm and wife, Erna K. Schwethelm, were married on June 10, 1916, and separated in May, 1924. The wife brought this action for divorce and for a property adjustment. She obtained judgment for the divorce, but, being dissatisfied with the decree for a property division, appealed from that decree. Neither party questions the divorce decree, which must therefore be affirmed.

At the time of the marriage, and for two years prior thereto, appellee was engaged in the feed and grain brokerage business in the city of San Antonio, and continued in that business. At the time of the marriage, he had approximately $9,000 cash in bank, and bills receivable aggregating approximately $2,500, which he subsequently collected. Further, he owned some residence lots, which he sold for approximately $3,000 after separating from his wife, which fact removes the transaction from consideration in this appeal. Appellant owned no property.

Two months after the marriage, appellee bought a lot and constructed and furnished a home thereon, in which the couple dwelt during the eight years they were together. The house, lot, and furniture cost about $8,000. He paid $500 cash when he contracted for the lot in August, and the balance upon the lot, as well as the cost of the house and furniture, in March, 1917, nine months after the marriage. Now appellant claims that this home became a part of the community estate, and sought to recover her interest therein, and for partition. The court found the home to be the separate property of appellee and decreed the whole of it to him, and thus arises the principal question in the appeal.

[1] It is conceded, of course, that property acquired during coverture is presumed to be community property. The burden rests upon the spouse claiming such property to belong to a separate estate to affirmatively establish such claim; the presumption that the property belongs to the community being rebuttable.

[2] There is a great mass of documentary evidence, consisting of passbooks, check stubs, canceled checks, and the like, which was introduced to show appellee's receipts and expenditures during coverture. It would be a wearisome as well as bootless task to set out this evidence in detail here. Appellee's brokerage business was an active one, involving rapidly transpiring transactions, so that it appears to be impossible to pursue the evidence with any hope of determining therefrom the exact or even approximate status of the business at any given time, with reference to profit and loss. As has been shown, appellee had on hand over $9,000 in cash at the time of the marriage. He also had bills receivable to the amount of $2,500. He subsequently collected these bills, but, as it is not shown when, the fact of the collection must be eliminated from consideration in determining whether the funds used in

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

purchasing the home were community or separate funds. Several large transactions occurred between the time of the marriage and the time of the payments on the home. No effort was made upon the trial to segregate profits or losses from the working capital employed in these transactions. Appellee did a comparatively large business during the first year of his marriage, and testified that during that period he suffered heavy losses. It appears that between the date of his marriage and the date he contracted to purchase the home he collected approximately $40,000 in his current business operations and deposited it in local banks. There is no competent evidence authorizing a finding that appellee's separate funds were segregated and kept intact through that period, or that it was his intention to preserve their character as separate property as distinguished from community property. On the contrary, it is inferable from the record that the funds owned by appellee at the time of his marriage were used in the operation of his business venture, and were thereby commingled with all other funds. Whatever profits were derived from the business constituted community property, of course.

[3] If the home was purchased in whole or in part with current profits from the business operation, it became the property of the community in proportion to the contribution from the community funds to the purchase. Ralls v. Ralls (Tex. Civ. App.) 256 S. W. 688.

[4] In view of the presumption that the property in dispute, acquired during coverture, without record qualification as to title, became a part of the community estate, the burden rested upon appellee to show that it was purchased with his separate funds in order to establish his claim that it was in fact his separate property. It is particularly true here, since it is shown that appellee had the exclusive management and control of the business, and the books and records pertaining to that business.

[5] Appellee has not met this burden. The property was acquired during coverture, was paid for nearly a year after the marriage. During this period appellee did a comparatively large business, and apparently at some time realized very substantial profits, interspersed with or followed by losses. He contends that the year's business netted a loss, rather than a profit. But that does not control the question. For, if he purchased or paid for the property in dispute at a time when an influx of profits permitted him to do so, and with funds derived from that current profit, then the property so purchased became community property, and the fact that before or after the purchase the losses overbalanced the profits and rendered the year's business, as a whole, unprofitable, could not serve to deprive the property of

its character as community. Its status as such was irrevocably fixed when it was purchased with community funds, if it was so purchased, and subsequent conditions could not remove it from that status.

Giving full effect and every reasonable intendment to appellee's testimony, the record does not warrant a specific finding that the property in dispute was not purchased, in whole or in substantial part, with current profits from appellee's business. Such finding was essential to judgment in favor of appellee against his spouse, by which the latter was deprived of her presumed community interest in that property.

[6, 7] The presumption that the property was the common property of husband and wife can be rebutted only by "certain and positive" evidence (Love v. Robertson, 7 Tex. 11, 56 Am. Dec. 41) and in a case like this, where it appears that the funds from the separate estate of one spouse are used indiscriminately with the profits of the venture, belonging to the community, "it was necessary to trace the means through mutations and changes, and this should have been done 'clearly and indisputably.' * * * The means invested should have been traced back to the separate estate, not through indefinite channels and unknown changes, but connectedly and plainly." Schmeltz v. Garey, 49 Tex. 49.

The judgment adjudicating the property rights of the parties is reversed, and the cause remanded as to that branch of the case; but the decree for divorce of the parties, and in favor of appellant for attorney's fees is affirmed. The costs of the appeal will be taxed against appellee.

## On Appellant's Second Motion for Rehearing.

In the court below judgment was rendered divorcing the parties, allowing attorney's fees to appellant, and adjudicating the property rights of the parties, both as to personal and real property. As there was no appeal from the decree of divorce, or from the judgment for attorney's fees, or that adjudicating the personal property rights, the judgment in those respects should be affirmed, as a matter of course; but, as before decided, the judgment adjudicating the rights of the parties in the real property must be reversed and remanded. The judgment heretofore rendered in this court did not fully reflect these conclusions, as now pointed out in appellant's second motion for rehearing, this day granted.

Accordingly that judgment will be set aside, and judgment will now be entered, reversing the judgment of the trial court in so far as the same adjudicated the rights of the parties in and to the real property involved, and the cause will be remanded for new trial upon that issue alone; but in all other respects the judgment will be affirmed, at the cost of appellee.