## DAVIS et al. v. DUNCAN et al.
### No. 1782.

Court of Civil Appeals of Texas. Waco.
Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Harris & Coltzer, Brantly Harris, Stewarts, Maco Stewart, and W. Noble Carl, all of Galveston, Jerome Sneed, Jr., of Austin, and R. H. Whilden, of Houston, for appellants.

Dickson & Huck, Laurie M. Huck, and Hicks, Dickson & Lange, all of San Antonio, Seale & Seale, of Centerville, and M. S. Church and W. F. Bane, both of Dallas, for appellees.

ALEXANDER, Justice.

This action was brought by William Hardwick Davis and others against Mrs. Eddie House Duncan and others in trespass to try title to recover 320 acres of land in Leon county. At the conclusion of the evidence the court instructed a verdict for defendants. Plaintiffs appealed.

The land in question was deeded to Alf Davis in 1869, at a time when he and Julia H. Davis were husband and wife. In 1874, Alf Davis, without the joinder of his wife, executed and delivered to Mrs. L. L. House the following instrument:

"Know All Men by These Presents: That I, Alf Davis, of the County of Smith and State of Texas, for and in consideration of one dollar, to me in hand paid, and for other good and valuable considerations, the receipt whereof is hereby confessed, do hereby grant, bargain, remise, convey, release and quit-claim unto Mrs. L. L. House of the County of Smith and State of Texas, all the right, title, interest, claim or demand, whatsoever I may have acquired in, through or by a certain indenture or deed bearing date the ———— day of ————, A. D. 18—, and recorded in the County clerk's office in Leon County and State of Texas, in Book ———— of Records Page 1, to the premises therein described, to-wit: Beginning at a stake, the N. corner of Robert Hunters 320 acre survey and W. corner of Wm. Coopers 320 acre survey, from which as post oak marked H bears North 12 West 4⁹⁄₁₀ varas, a black jack bears South 2 East 5 varas; Thence North 55 West 1344 varas to a stake from which a black jack bears North 4 West 7⁵⁄₁₀ varas, anothers bears North 7½ West 2⁸⁄₁₀ varas; Thence South 35 West 1344 varas to a stake from which a black jack bears North 86 East 13 varas, another bears South 29 West 8 varas; Thence South 55 East 1344 varas

to said Hunters corner, a stake from which a black jack bears North 61½ East 12 varas, marked H, another marked J bears East 13 varas; Thence North 35 East at 506 varas a branch, 1344 varas to the place of beginning, containing 320 acres of land, more or less. Witness my hand and seal, using scroll for seal, this 12" day of May, A. D. 1879. Alf Davis."

 Appellees claims as heirs and grantees under Mrs. L. L. House. They and those under whom they claim have been paying taxes on the land for approximately fifty years, but it does not appear that they have had such possession as to entitle them to hold the land by limitation. Therefore, they must depend on the title acquired under the above deed. Appellants claim as heirs of Mrs. Julia H. Davis, now deceased. It is their contention that said land was in fact the separate property of Mrs. Julia H. Davis and therefore not subject to conveyance by Alf Davis alone. Appellants introduced in evidence a certified copy of a deed of trust executed by Alf Davis and wife, Julia H. Davis, to Orr & Lindsey in 1874, and recorded in Leon county in the same year, to secure the payment of a debt owing by the firm of Davis, Cain & Co., of which Alf Davis was a member, covering the land here involved, which deed of trust, immediately following the description of the land, contained the statement: "The same lands being the private property of Julia H. Davis." Said deed of trust does not constitute a link in the chain of title, and the recitations therein are material only as declarations against interest. Appellants contend that the above-quoted recitation contained in said deed of trust was sufficient to raise a question of fact for the jury as to whether said land was the separate property of Julia H. Davis. After very careful consideration, we have reached the conclusion that this contention cannot be sustained.

The land was admittedly acquired during the marriage of Alf Davis and wife, and under the statutes of this state it is presumed to have been community property. Vernon's Ann.Civ.St. art. 4619. The deed of trust containing the recitations in question does not purport to be a conveyance from the husband to the wife, and therefore it was insufficient to divest the title out of the community estate and to invest same in the wife as her separate property. 14 Tex. Jur. 768; Hardin v. Wanslee (Tex.Civ. App.) 197 S.W. 1031. Consequently, if the property was in fact community property at the time it was acquired by the Davises, it remained such and could be conveyed by the husband alone. Under well-established rules the statutory presumption that the land belonged to the community estate could "only be repelled by clear and conclusive proof, that it was with the individual money or property of one of the partners." Chapman v. Allen, 15 Tex. 278, 283, 284; Schmeltz v. Garey, 49 Tex. 49, 61; Love v. Robertson, 7 Tex. 6, 11, 56 Am.Dec. 41; Mayor v. Breeding (Tex.Civ. App.) 24 S.W.(2d) 542; Schwethelm v. Schwethelm (Tex.Civ.App.) 1 S.W.(2d) 911, par. 7; Vaughn v. Vaughn (Tex.Civ. App). 287 S.W. 687, par. 6; Watkins v. Watkins (Tex.Civ.App.) 119 S.W. 145; Rippy v. Rippy (Tex.Civ.App.) 49 S.W.(2d) 494, par. 1. The declaration contained in the deed of trust was the only evidence offered to overcome the statutory presumption. Said declaration was not made at the time the property was acquired, and it did not purport to be a statement of a fact that the land had been bought with the wife's separate funds, but embodies the mere conclusion or opinion of said parties that said property was or in some manner had become the separate property of the wife. We have concluded that this evidence, standing alone, was insufficient, under the rule announced in the above authorities, to overcome the statutory presumption, and we therefore hold that Alf Davis alone could convey the land to Mrs House.

 The appellants contend that they were entitled to an instructed verdict because the conveyance from Alf Davis to Mrs. L. L. House did not name the county, state, nor survey in which the land was located, and consequently the description was so indefinite as to be ineffective as a conveyance. We cannot sustain this contention. While the deed does not name the county or state in which the land is situated, it does fix the beginning corner by reference to adjoining surveys and designates all of the other corners by reference to permanent objects on the ground and otherwise accurately describes the boundaries of the land intended to be included. In fact, with the exception of the omission of the county and state, it contains substantially the same field notes and references to the same corners as did the original patent issued by the State in 1866. The deed was promptly recorded in Leon county, which is a circumstance to show that the vendee un-

derstood that it conveyed land situated in that county. Under these circumstances, we think that the description was sufficient. 14 Tex.Jur. 1001, § 212; Easterling v. Simmons (Tex.Civ.App.) 293 S.W. 690; Miller v. Hodges (Tex.Com.App.) 260 S.W. 168; Petty v. Wilkins (Tex.Civ.App.) 190 S.W. 531.

The judgment of the trial court is affirmed.