**Maggie Z. COOK, Appellant,**

v.

**J. R. CORDRAY, Appellee.**

No. 6276.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 25, 1960.

Rehearing Denied March 16, 1960.

Leonard E. Choate, Beaumont, for appellant.

J. L. Smith, San Augustine, for appellee.

McNEILL, Justice.

This was a partition suit filed by Maggie Z. Cook as plaintiff in the district court of Sabine County against J. R. Cordray, defendant, in which the respective interests of the parties in four tracts of land in the ·N.W. Burke survey in this county were involved. Plaintiff alleged she was the owner of an undivided three fourths interest in tracts No. 1 of 40 acres, No. 2 of 10 acres and No. 3 of 20 acres and defendant was the owner of the other one fourth interest; and as to tract 4 of 47.5 acres she owned a three fortieths interest and the defendant a one fortieth interest therein. She prayed for partition of the interests in the first three tracts. Defendant answered asserting an undivided one half interest in tracts 1, 2, and 3 and as to tract 4 asserting that he owned and undivided one fourteenth interest and that plaintiff owned a like interest.

The cause was heard by the court without a jury and at the close of the evidence the court decreed that the plaintiff and defendant each owned an undivided one half interest in tracts 1 and 2, plaintiff owned

a three fourths interest and the defendant a one fourth interest in tract No. 3, and decreed that each of the parties owned an undivided one fourteenth interest in the 4th tract. The court then appointed commissioners to partition the first three tracts between the parties. In adjusting equities between the parties, he found that plaintiff had paid the sum of $292.12 delinquent taxes against the land but that she had sold timber from said land in the amount of $75, and after deducting this sum he awarded judgment in behalf of plaintiff against defendant for $93 as his proportionate part of the delinquent taxes paid by her.

Plaintiff has appealed from this judgment. While she asserts 66 points of error in her brief we think the real questions before us reduce themselves to a much simpler form.

The first such question is whether plaintiff and defendant each own a half interest in tract one or whether plaintiff owns an undivided three fourths interest and defendant an undivided one fourth interest. Owen C. Edwards had two sets of children. By his first wife, Fidelia, he had three children, Charles, Edie and Alice; by his second wife, Rebecca, he had four children, Sudie, Ed, Martha and Julie. It was established that the father gave to each of these seven children undivided interests of about 40 acres each; to the four children of the second marriage he conveyed as a gift a tract of 182 acres in San Augustine and Sabine Counties by deed dated February 22, 1889. One of these four children was Ed Edwards. Ed Edwards married Mattie Scurlock on February 17, 1904. There were two children born of this marriage. One is the plaintiff, Mattie Z. Cook, and the other child was Willie Edwards who married Andrew Williams, Jr. Willie died in 1952 leaving as her sole heirs at law her husband, Andrew Williams, Jr., and a son, Lee Daniel Wiliams. After Ed Edwards' death in 1955 his widow, Mattie Scurlock Edwards, conveyed all her interest in the lands involved to her daughter, the plaintiff, and she claims the interests in the lands by virtue of such conveyance and as one of the two children of Ed Edwards. Defendant claims the interests in the lands through purchase from the only surviving heirs of the other child of Ed Edwards.

Plaintiff introduced in evidence a deed dated July 18, 1906, executed by Ed Edwards and his three sisters, joined by their husbands, whereby a specific tract of 42 acres was conveyed to one D. K. Eddings out of said 182 acre tract conveyed to them by their father, Owen C. Edwards. Plaintiff also offered in evidence a deed executed by Charlie or C. A. Edwards, a half brother of Ed Edwards, dated July 30, 1906, conveying a tract of 40 acres to Ed Edwards which is tract No. 1 in litigation. Plaintiff asserts that since this last deed was made while her father, Ed Edwards, was married to her mother, Mattie Scurlock Edwards, that it was presumptively their community property and the burden of proof was on the defendant to show otherwise. On account of the conveyance by Ed Edwards, along with his sisters, of the 42 acre tract by deed dated July 18, 1906, 12 days before for which the grantee paid the sum of $210 to Ed Edwards, defendant asserts that in purchasing the 40 acre tract from his brother, Charlie, Ed Edwards was only substituting his separate tract sold to Eddings with the latter tract and the latter tract, therefore, became his separate property. The trial court sustained defendant's position. The deed from Charlie Edwards to his brother Ed recited a cash consideration paid of $300. This $300 must be presumed to have been community funds between Ed Edwards and his wife unless the evidence thereof to the contrary is clear, concise and convincing. Lindemood v. Evans, Tex. Civ.App., 166 S.W.2d 774 (W.R.). There is a complete absence of direct evidence as to the money used by Ed Edwards in purchasing the 40 acres. There are three outstanding circumstances, however, that convince us that the trial court erred in

holding tract one was Ed Edwards' separate estate. First: While it was shown that the deed from C. A. to his brother Ed was dated July 30, 1906, 12 days after the date of the deed from Ed and his sisters to Eddings, yet the deed to Ed was acknowledged by C. A. on July 30, 1906 and recorded in the deed records of Sabine County on August 1, 1906. This indicates a completed transaction. The deed from Ed and his sisters to Eddings was acknowledged as follows: On August 6, 1906, by Ed, and by his sisters and husbands on August 21, August 10, August 27 and September 17, 1906—indicating it was not until at least September 17, 1906, that this sale was closed. Griggs v. Reed, Tex.Civ. App., 233 S.W.2d 907, 909, 910. Second: the $210 received by Ed from the sale of his separate tract was not sufficient to have purchased tract one. Third: a $50 loan was made by Ed to C. A., secured by mortgage on the 40 acre tract, in June just preceding and this obligation was evidently absorbed as a part of the purchase price in Ed's purchase of tract one. It may well have been because of the relative informality in trading some 50 years ago that Ed Edwards paid the $210 received from his sale on the purchase of tract one, but whether so, we would be left entirely to conjecture except for the cogent circumstances just delineated which are to the contrary.

■ The other question raised by plaintiff which we think has merit is the action of the trial court in offsetting the proceeds of sale of timber from the proration of taxes. The record indisputably shows that this timber was sold in 1955 at a time when plaintiff's mother, Mattie Scurlock Edwards, and her grandson, Leo Daniel Williams, were the owners of the land (along with the very small life interest of Andrew Williams, Jr., surviving husband). The record shows that defendant did not buy his interest in the land until December 4, 1956. This being so, defendant is not entitled to the offset of the value of the timber. The taxes were paid on 70 acres, evidently tracts 1, 2, and 3.

We have examined all the other contentions and points of plaintiff and think they fail to show error, and are overruled.

The judgment below will be reformed so that plaintiff is decreed an undivided three fourths interest in the first tract of 40 acres and the sum of $93 allowed to plaintiff by the trial court is reduced to $83.40 with interest thereon from October 17, 1958, at six percent per annum as defendant's proportionate part of taxes paid by plaintiff on the land. The judgment is in all other respects affirmed. Costs of the appeal are adjudged one half against plaintiff and one half against defendant.