Leonard **VICKERSTAFF**, Appellant,

v.

Barbara **VICKERSTAFF**, Appellee.

No. 5695.

Court of Civil Appeals of Texas.

El Paso.

May 26, 1965.

Rehearing Denied June 23, 1965.

Second Motion Denied July 14, 1965.

Lee Arnett, Odessa, for appellant.

Garland Casebier, Midland, for appellee.

CLAYTON, Justice.

Appellee filed suit in the District Court of Midland County, Texas, asking for a divorce from appellant on the grounds of cruel treatment, for a division of property of the parties and attorney's fees. No children are involved. The trial court granted the divorce and divided the community and separate estates of the parties and awarded appellee her attorney's fees. From said judgment this appeal is taken.

The appellant has grouped his points of error, and we will attempt to follow that grouping. Group One covers Points Nos. One, Two and Three, that there is no evidence, or insufficient evidence of cruel treatment of such a nature as to entitle appellee to a divorce, and the decision of the court was unsupported by full and satisfactory evidence. These points are overruled. This cause was tried before the court without a jury, and the court specifically found that "defendant was guilty of such excesses and cruel treatment toward plaintiff as to render their further living together insupportable." Without attempting to set out the testimony in detail, the above finding of fact is amply supported in the evidence and justifies the court's conclusion as a matter of law that the appellee was entitled to a divorce from the appellant.

The next group of points, including Points Four through Six, relates to the court's finding that appellant and appellee were only temporary residents of New York between August 10, 1959 and January 23, 1962, the appellant maintaining that there is no evidence, and insufficient evidence, to support such finding, but that as a matter of law the parties were actually domiciled in New York during that period of time. Residence is a lesser included element within the technical definition of domicile. While residence signifies living in a particular locality, domicile means living in that locality with the intent to make it a fixed and permanent home. 21 Tex. Jur.2d 62, Domicil, § 2. While living in Texas before going to New York the parties bought a home in Midland, Texas, where they both worked. Appellant was offered a position in New York by his employer, Templeman, and they left Midland for New York about August 10, 1959 and remained in New York until about January 23, 1962, at which time they returned to Texas. Appellant testified that at the time he left Midland he anticipated that the New York job would be a permanent one, and that he did not have in the back of his mind that some day he might return to Midland for "retirement or something of that sort", even though he was very fond of Midland. However, he wrote a number of letters to his brother-in-law covering the period of time from August, 1959 to January of 1962, in which he used such expressions as: "We do not feel it wise to sell the house as something may well go wrong with the Templeman deal * * * Should that happen, we can always come back here and start all over again"; referring to appellee he writes: " * * * she wants to know why in hell we don't move back to Texas while we are at it. Good question—may do yet";

and "Barb is whooping for joy at the thought of being back in her own home"; again, " * * * if not, I'll go into semi-retirement in Midland for awhile to enjoy our house and see if this little Texas town is really as fascinating as Barb and I feel it is"; and " * * * if this does not result in a change of job, then Barb and I will likely take off back to Texas and semi-retirement." From these expressions it cannot be said that the parties in this cause were living in New York with "the intention to make it a fixed and permanent home" and we must uphold the trial court's finding that appellant and appellee were only temporary residents of New York between August, 1959 and January, 1962. This conclusion, we believe, is not at variance with the holding in Prince v. Inman, 280 S.W.2d 779 (Tex.Civ.App., 1955; n. w. h.), cited by appellant. Points of Error Four through Six are overruled.

Group Three of appellant's Points of Error encompasses Points Seven through Twenty-six, and charge the court with error in determining the status of the properties of the parties as separate and community property. Also, Group Four of Points, consisting of Points Twenty-seven through Thirty, attack the court's determination of the status of properties. All these points have in common the assertion that there is no evidence, or insufficient evidence, to support the court's findings. We have said in The Travelers Ins. Co. v. Charles Cecil Miller, Tex.Civ.App., 390 S.W.2d 284:

" * * * Appellant makes the dual assertion that there is no evidence to support this finding, or that the evidence is insufficient to support it. When such dual assignment is made, we must first dispose of the 'no evidence' contention by looking only to the evidence favorable to such finding. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. This is a question of law as distinguished from a question of fact, and thus its determination re-

quires either affirmance or rendition, rather than remand for a new trial. Being a question of law, it is reviewable by the Supreme Court. A determination of the question of the sufficiency of the evidence is said to be a fact question in which courts of civil appeals are final, and such a determination calls for either affirmance or remand for new trial—never rendition—and it is determined by looking to all of the evidence to see if it is factually too weak to support the finding made by the jury."

Keeping in mind the admonitions contained in the foregoing quotation, we must also make note of the following data in treating these points: The parties were married in Canada, where both were living and working, on September 1, 1958; they were separated on August 23, 1962, while living in Texas; in the meantime, appellant had moved to Midland, Texas in January, 1959, where he had lucrative employment by January 15, 1959; appellee joined him in Midland, Texas on March 10, 1959, where they bought a home on April 8, 1959, which they owned until divorced; from August 10, 1959 to January 23, 1962, they lived and worked in New York, returning to Midland therefrom.

With the exception of the home of the parties there is no real property involved in the rights of either party. The appellant lists some 115 transactions in securities by one or the other, or both, of the parties,—stocks, accumulative and mutual funds, bonds and debentures, and a note. Appellant here contends that transactions Nos. 1 through 18 took place in Canada and under Canadian law constituted his separate property. Also, that transactions Nos. 26 through 96 took place while the parties were domiciled in New York, a common-law state, and became solely the properties of the husband under New York law. We have heretofore treated and rejected the matter of a domiciliary status of the parties in New York. In his argument

under this point, appellant claims: "The burden of proof was clearly upon Plaintiff (appellee) to establish her rights to any of the property acquired in these transactions. This burden has not been met."

▇▇▇ Appellee counters with the following "fundamental principles of law which govern rights of married people in property acquired before, during and at the time of dissolution of marriage:

"*First*: When a divorce is sought in Texas, then all the property of the parties at the time of dissolution of the marriage is presumed to be community property, and the burden of proving the contrary is on the party who seeks to establish that all or any part of such property is such party's separate property.

"Article 4619, V.A.C.S.;

"1 Speer's Marital Rights in Texas, Fourth Edition, page 575, sec. 393.

"*Second*: There is a presumption that all property acquired during the marriage is community.

"1 Speer's Marital Rights in Texas, Fourth Edition, p. 576, Sec. 393 and the numerous authorities cited under Note 8 on p. 576.

"*Third*: Money paid for the purchase of property acquired during marriage is presumed to be community property unless the contrary is proved by clear and convincing evidence.

"Lindemood v. Evans, Tex.Civ.App. (1942), 166 S.W.2d 774, 1942, writ refused;

"Cook v. Cordray, Tex.Civ.App., (1960), 333 S.W.2d 461, no writ history

"The presumption applies to all property acquired by either spouse during marriage, however and from whatever source it may be acquired, whether real or personal, and will make a prima facie case until overcome by evidence. In the absence of proof that property was acquired with separate property, it should be adjudged to be community property, irrespective of the name in which the title stands.

"1 Speer's Marital Rights in Texas, Fourth Edition, pp. 576–577, Sec. 393; and p. 581, Sec. 395.

"*Fourth*: Where separate and community property are commingled, the burden of proof is on the one contending that portions of such property are his separate property, and any doubt as to the character of the property must be resolved in favor of the community.

"1 Speer's Marital Rights in Texas, Fourth Edition, p. 575, Sec. 393;

"Hodge v. Ellis, Tex.Civ.App., (1954), 268 S.W.2d 275, affirmed, in part 154 Tex. 341, 277 S.W.2d 900.

"*Fifth*: The marital rights of persons married in other countries who may remove to this State shall, in regard to property acquired in this State, during the marriage, be regulated by the laws of this State.

"Article 4627, V.A.C.S.

"*Sixth*: Rent either from separate or community property is community.

"Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328 (1943).

"*Seventh*: Dividends on separately owned stock paid in cash or property is community property.

"1 Speer's Marital Rights in Texas, Fourth Edition, p. 632, Sec. 427, and authorities cited under Note 12."

Appellee then painstakingly points out the failure of appellant to trace his claimed separate assets used in the numerous transactions he has listed. As particularly ap-

plicable to the circumstances here, appellee quotes from Lindemood v. Evans, 166 S.W.2d 774 (Tex.Civ.App., 1942; wr. ref.), as follows:

" * * * As was said in Chapman v. Allen, 15 Tex. 278, 283:

" ' * * * The presumption that property purchased during the marriage is community property is very cogent; and can only be repelled by clear and conclusive proof that it was [purchased] with the individual money or property of one of the partners. Where the property has not been preserved in specie or in kind, but, as in this case, has undergone mutations and changes, it is indispensable, to maintain its separate character, that it be clearly and indisputably traced and identified.' "

■ To comment on the numerous separate transactions involved before us would unduly enlarge this already lengthy opinion. We believe it will suffice to say that, applying the many legal principles detailed above to the record in this case, we have been unable to determine where either the trial court's findings of fact or conclusions of law have been in error, nor has he evidenced any abuse of discretion. Groups Three and Four of Points are overruled.

Relative to the matter of abuse of discretion, appellant presents his Fifth Group of Points, Nos. Thirty-one through Thirty-seven. These charge the court with abuse of discretion in the division of property of the parties, in awarding attorney's fees and in his adjudication of income tax liability. The appellant calculates that the entire estate of the parties amounts to $142,383.70, out of which the court awarded $49,996.36 to appellee, plus an additional $5,000.00 for attorney's fees, making a total of $54,996.63. We believe that the court's division of the property of the parties has been sufficiently treated heretofore and was found to be "just and right", and

in conformity with Art. 4638, Vernon's Ann.Civ.St.

■ On the matter of attorney's fees we do not propose to dwell. We understand this to be an area in which the court has considerable latitude. That there is an apparent variance between the pleadings and the proof on the subject we view as immaterial, since this point does not appear to have arisen, by objection to testimony or otherwise, until this appeal was taken and will therefore be considered as waived. Rule 67, Texas Rules of Civil Procedure.

■ The trial court adjudged the appellant liable for any additional tax that might be exacted by reason of the parties' joint income tax return. Since this would amount to a community debt, there is precedent for so ruling. See Hughes v. Hughes, 259 S.W. 180 (Tex.Civ.App., 1924; wr. dism.): "It was not error for the court, in exercising his discretion in dividing the property, to require the husband to pay the debts of the community." See also, Manning v. Benham, 359 S.W.2d 927, 930 (Tex.Civ.App., 1962 ref., n. r. e.). Group Five of Points is overruled.

All points of error having been weighed and overruled, the judgment of the trial court is in all things affirmed.

## MEMORANDUM OPINION

Appellant's Motion for Rehearing in the above styled and numbered cause is overruled.

■ Appellant's Motion for Supplemental Findings is likewise overruled. This is a divorce case, one in which the Texas Supreme Court does not have jurisdiction of an application for writ of error (Article 1821, T.R.C.S.), and therefore the rules do not require findings of fact by the Court of Civil Appeals (Rule 453, T.R.C.P.). We decline to make supplemental findings, since to do so would not assist appellant in the further prosecution of his case.