Nancy Fae DePUY, Appellant,

v.

Frederick Jay DePUY, Appellee.

No. 715.

Court of Civil Appeals of Texas, Corpus Christi.

July 31, 1972.

Stone, Luther & Dyer, Max J. Luther III, Corpus Christi, for appellant.

McDonald, Spann & Smith, Ben F. McDonald, Jr., Corpus Christi, for appellee.

OPINION

SHARPE, Justice.

This appeal by Nancy Fae DePuy, plaintiff below, is from a judgment rendered after non-jury trial which granted her a divorce from Frederick Jay DePuy, de-

fendant-appellee, and adjudicated the property rights of the parties by setting aside certain properties, both real and personal, as the separate property of appellee and dividing the community property taking into consideration certain adjustments. The granting of the divorce is not an issue in this appeal.

Appellant asserts four points of error. Although different items of property are involved, appellant's basic contention is the same under all points, i. e., that the evidence established that the properties involved were purchased by monies drawn from the joint community bank account of the parties and is presumed to be community property because the monies therein consisted of comingled separate and community funds, and appellee, Frederick Jay DePuy, did not trace his separate funds, if any, into the properties purchased by clear and convincing evidence so as to rebut the presumption that the property was community property. For that reason appellant contends that the trial court erred in awarding the defendant-appellee as his separate property, under point one, the investment in the down payment on the duplex apartment located at 2102 Kenwood, Austin, Texas, Lot No. 7, Block No. 36, of the Travis Heights Addition, Travis County, Austin, Texas, in an amount of $8,018.53, as reimbursement or repayment of such investment from and out of the said duplex property, and awarding a lien against the said duplex real property to secure such reimbursement; under point two, stocks and securities consisting of 2036 shares of Enterprise Funds Incorporated, 105 shares of L.S.B. Industries, Inc., 300 shares of Shell Oil Corporation, and 200 shares of Tincor Computing Corporation; and under point three, furniture consisting of the Mediterranean bedroom and living room suites, the two oil paintings, the stereo set, and a lounge couch. Appellant's point number four reads as follows:

"The Court erred in not granting the Petitioner's Motion for Judgment be-

cause the evidence established that the property purchased by monies drawn from the joint community bank account and is presumed to be the community property because the monies therein consisted of comingled separate and community funds, and the Respondent did not trace his separate funds, if any, into such properties purchased by the parties by clear and convincing evidence so as to rebut the presumption that such properties were community property."

Appellant's motion for judgment in effect requested the trial court to make an equal division of all property of the parties and to award her attorney's fees in the amount of $750.00.

The judgment of the trial court reads as follows:

"BE IT REMEMBERED that on the 18th day of October, 1971, at a regular term hereof, and in accordance with procedural requirements came the parties in the above styled and numbered cause personally and by and through counsel of record and announced ready for trial, and in open court waived a trial by jury and agreed that all matters of fact as well as law should be heard and determined by the Court sitting without a jury, and the Court proceeded to hear testimony, receive evidence, listen to the summary of counsel, consider the written briefs and legal authorities, and thereafter was of the opinion and accordingly so finds that the parties hereto were duly and lawfully married on or about November 24, 1967, and lived together as husband and wife until shortly prior to the filing of this divorce action. During the course of the marriage circumstances arose between the parties which have rendered their further living together insupportable because of discord and conflict of personalities destroying the legitimate ends of this marriage relationship and preventing any reasonable expectation of reconciliation. Accordingly, the

Petitioner, Nancy Fae DePuy, is entitled to a divorce from the Respondent, Frederick Jay DePuy.

The Court further finds it necessary to set apart and decree to each party the respective separate property due such party, and further, to divide and partition the community properties of the parties in a just, right and equitable manner, having due regard for the rights of each party. Accordingly, the Court finds as follows:

1. The sum of $66,647.01 deposited by Frederick Jay DePuy in the joint bank account at Capital National Bank in January, 1968, represented the separate funds of Frederick Jay DePuy, such funds having been inherited from the estate of his grandfather and so being his separate property. Such funds have been traced into the following assets:

(A) Furniture consisting of Mediterranean bedroom and living room suites, now in the possession of Nancy DePuy;

(B) Stocks and securities consisting of 2036 shares of Enterprise Fund, Inc., 105 shares of L.S.B. Industries, Inc., 300 shares of Shell Oil Corp., 200 shares of Tincor Computing Corp., now in the possession of Frederick Jay DePuy.

2. From the said separate funds of Frederick Jay DePuy, the Court finds there is reasonably traced the investment in a down payment on the duplex apartment located at 2102 Kenwood Street, Austin, Texas, Lot No. 7, Block No. 36, of Travis Heights Addition, Travis County, Austin, Texas; in the amount of $8,018.53, and Frederick Jay DePuy is entitled, as his separate estate, to a reimbursement or repayment of such investment from and out of said duplex property and should have a lien against said duplex real property to secure such reimbursement.

3. All other properties held by the parties are deemed to be community property and are to be equitably and fairly divided.

Having due regard for the rights of the parties and their respective estates, the Court enters the following orders and judgments:

IT IS ORDERED, ADJUDGED AND DECREED that the Petitioner, Nancy Fae DePuy, be and she is hereby granted a bill of divorcement from the Respondent, Frederick Jay DePuy, and the parties are accordingly so divorced and the bonds of matrimony heretofore existing between them are dissolved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Frederick Jay DePuy be and he is hereby awarded and adjudged as his sole and separate property the following:

(1) The furniture consisting of Mediterranean bedroom suite and living room suite now in possession of Nancy Fae DePuy.

(2) Stocks and securities consisting of 2,036 shares of Enterprise Fund, Inc., 105 shares of L.S.B. Industries, Inc., 300 shares of Shell Oil Corp., 200 shares of Tincor Computing Corp.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Frederick Jay DePuy is entitled to a separate reimbursement from the community estate in the amount of Eight Thousand, Eighteen Dollars and 53/100 Dollars ($8,018.53), representing the investment of his separate funds in the duplex at 2102 Kenwood Street, Austin, Texas, Lot No. 7, Block No. 36, of Travis Heights Addition, Travis County, Austin, Texas, and is granted a good and sufficient lien, mortgage and encumbrance against said property to secure the repayment to him of said sum.

In order to provide for repayment of the separate property right of reimbursement

of Frederick Jay DePuy in said duplex and in order to equitably divide the community property, which is all the property remaining except that set aside and decreed as the separate property of Frederick Jay DePuy, the court ORDERS, ADJUDGES and DECREES as follows:

1. That Frederick Jay DePuy shall have and there is set aside to him as his sole and separate property the assets heretofore mentioned, to-wit, the furniture consisting of Mediterranean bedroom suite and living room suite and stocks and securities consisting of 2036 shares of Enterprise Fund, Inc., 105 shares of L.S.B. Industries, Inc., 300 shares of Shell Oil Corp., 200 Shares of Tincor Computing Corp. As a division of the community property, Frederick Jay DePuy is hereby awarded title and possession to and of the Kenwood duplex, being Lot 7, Block 26, Travis Heights Addition, Austin, Travis County, Texas, the community interest in such duplex being of the value of $2,549.29. The Court observes that Frederick Jay DePuy lives in Austin, Texas, and it would be much better and more convenient for him to have the ownership, management and control of said duplex than for Petitioner to have the same in that she lives and resides in Corpus Christi, Texas. By awarding the community interest of $2,549.29 in said duplex to said Frederick Jay DePuy, the Court can thereby merge and provide for the separate property reimbursement to Frederick Jay DePuy of $8,018.53, and is so ordered. In addition thereto, the Court orders that the two oil paintings, the stereo set and the lounge couch be awarded to Frederick Jay DePuy as a division of the community property, and Frederick Jay DePuy shall have and there is hereby divided unto him the Chevrolet automobile that he is now driving and he is to assume the unpaid indebtedness on such automobile. The total community property value, disregarding the automobile which is of approximate equal value with the automobile of Nancy Fae DePuy, is $3,149.29.

II. To Nancy Fae DePuy as a division of the community property there is hereby awarded the gifts, personal effects and personal properties listed on Exhibit 'A' attached to this judgment, having a probable value of $1,250.00, the teacher's retirement fund earned by Nancy Fae DePuy during the course of the marriage in the approximate amount of $1,700.00, the color TV (Magnavox) of the probable value of $200.00. In addition, she is to have the Plymouth automobile she is now driving and to assume the unpaid balance on such automobile. The community property awarded to Nancy Fae DePuy, disregarding the automobile which is of equal value with that awarded to Frederick Jay DePuy, is $3,150.00.

The Court finds that there are community obligations and debts of $100.00 to Britt Edwards, CPA, of Austin, Texas, and an income tax additional payment of $528.13, and it is ORDERED that Frederick Jay DePuy pay the said debt of $100.00 to said Britt Edwards and the $528.13 to Internal Revenue Service on the 1970 income tax return.

For sake of clarity, the Court attaches hereto as Exhibit 'B' a schedule of the Court's decree of separate property and the division of community property, together with its order on liability for indebtedness.

The Court finds that both parties hereto are financially able to pay their attorneys of record and accordingly, no award is made as to attorney's fees.

IT IS ORDERED that the costs be adjudged against the Respondent, Frederick Jay DePuy.

SIGNED AND ORDERED ENTERED this 12th day of November, 1971."

Appellant relies primarily on the rule that all of the properties of the parties at the time of the dissolution of the marriage are presumed to be community property, and the burden of proving the contrary is on the party who seeks to establish that all or part of such property is the separate property of that party. See Texas Family Code, Sections 5.02, 5.01(a), effective January 1, 1970, V.T.C.A.; former Article 4619, Vernon's Ann.Civ.St.; Speer's Marital Rights in Texas, Vol. 1, Sec. 393, pp. 575–579, 1972 Supplement page 90. Appellant also places reliance on the proposition that where separate and community property are comingled, the burden of proof is on the party contending that a portion of such property is his separately and that doubts as to the character of the property must be resolved in favor of the community, citing Hodge v. Ellis, 268 S.W.2d 275 (Tex.Civ.App., Ft. Worth, 1954), affirmed 154 Tex. 341, 277 S.W.2d 900 (1955); Vickerstaff v. Vickerstaff, 392 S.W.2d 559 (Tex.Civ.App., El Paso, 1965, n. w. h.).

The only findings and conclusions are contained in the judgment. There was no separate request for the same. The evidence in the trial court consisted of the testimony of Nancy Fae DePuy, Frederick J. DePuy and Hon. Max J. Luther III together with a large number of documentary exhibits. The testimony of Mr. Luther related only to attorney's fees, which question is not involved in this appeal.

The parties were married on November 24, 1967 and permanently separated on or about April 30, 1970. The divorce decree was rendered November 12, 1971. At the time of their marriage the parties lived in Austin, Texas where appellant Nancy Fae DePuy worked as a teacher for the Austin Independent School District and appellee Fred J. DePuy worked in a hardware store. The parties had one bank checking account and each was authorized to write checks on it.

On January 11, 1968, after the parties had been married for 48 days, a deposit of $66,647.01 was made in the bank checking account. The trial court found that such sum, deposited by Frederick Jay DePuy, in the joint bank account represented the separate funds of Frederick J. DePuy, the same having been inherited from the estate of his grandfather, and that such funds have been traced into the assets of properties described in the judgment which were awarded to Frederick Jay DePuy as his separate property or for which he was allowed reimbursement. The evidence abundantly supports the conclusion that the amount of $66,647.01 was the separate property of Frederick Jay DePuy.

The contention most strongly urged by appellant is that appellee did not satisfactorily trace his separate funds into the various properties awarded to him as his separate estate. We disagree with appellant in such respect. We do not feel that any useful purpose would be served by an extended discussion of the details concerning the tracing of appellee's separate money into the properties awarded to him by the judgment. However, some of the evidence in such connection will be briefly referred to.

The statement of the account in The Capital National Bank, Austin, Texas from January 5, 1968 to January 7, 1969 was in evidence. It reflects that on January 10, 1968 there was a balance of $470.84 and on January 11, 1968 there was a deposit of $66,647.01 and a debit of $30.00, leaving a balance of $67,087.85.

All of the investments in the duplex in Austin, Texas (Point one), in the stocks, excepting three small transactions involving about $500.00 in 1969 (Point two), and in the furniture (Point three), were made during the year 1968. On January 7, 1969 there was a balance in the bank account of $2,215.12.

The stock trading account of appellee, with Goodbody and Company was offered in evidence covering a period from March 1968 to April 1969, and reflected a loss of $3787.28 not considering the loss in market values. Checks drawn on the bank account

by appellee for the purchase of stock were also in evidence.

There was also evidence of the income as well as living expenses of the parties during their marriage. It is apparent that the parties had net earnings which approximated their living expenses with only small amounts, if any, left over. The combined take-home pay of the parties for most of the period involved was about $750.00 per month. Mr. DePuy did not work for short periods of time. The earnings of Mrs. DePuy tended to increase, particularly after the parties moved to Corpus Christi, Texas in the summer of 1969.

In addition to the cases heretofore mentioned, appellant also relies upon the following additional authorities: Lindemood v. Evans, 166 S.W.2d 774 (Tex.Civ.App. San Antonio, 1942, wr. ref.); Cook v. Cordray, 333 S.W.2d 461 (Tex.Civ.App., Beaumont, 1960, n. w. h.); Duncan v. United States, 247 F.2d 845 (5 C.A.1957); Tarver v. Tarver, 394 S.W.2d 780 (Tex.Sup.1965); Edsall v. Edsall, 240 S.W.2d 424 (Tex.Civ. App., Eastland, 1951, n. w. h.).

Appellee does not disagree with the general rules stated by appellant and the cases relied on by her, but in support of his position and the judgment of the trial court that he has satisfactorily traced his separate funds into the various properties awarded to him as his separate estate relies, among others, upon the following authorities; Farrow v. Farrow, 238 S.W.2d 255 (Tex.Civ.App., Austin, 1951, n. w. h.); Barrington v. Barrington, 290 S.W.2d 297 (Tex.Civ.App., Texarkana, 1956 n. w. h.); Coggin v. Coggin, 204 S.W.2d 47 (Tex. Civ.App., Amarillo, 1947, n. w. h.); and the commentary on The Community Property Law of Texas, by Professor William O. Huie appearing in Vol. 13, pages 1–50, V.A.C.S.

The authorities relied on by appellee, as well as some of those cited by appellant, strongly support appellee's position that his separate funds were not so comingled with community funds as to defy segregation and tracing of the separate funds into the items set aside to Frederick J. DePuy as his separate properties. The trial court correctly adjudicated the property rights of the parties in this case.

Appellant's points are overruled. The judgment of the trial court is affirmed.

NYE, Chief Justice (concurring).

The controlling question here involved is evidentiary. There were no specific requests for findings of fact made by appellant. Therefore, we must consider all the evidence as a whole, indulging every reasonable presumption in favor of those facts that will support the judgment of the trial court. Where the trial court pronounces a decree of divorce it is vested with broad discretion in disposing of the property of the parties, both separate and community. A review of the trial court's action here in this regard requires us to determine whether there is evidence to support the judgment and whether the court abused its discretion in the disposition made of the property involved. See Bryant v. Bryant, 478 S.W.2d 602 (Tex.Civ.App.—Waco 1972) and the authorities cited therein.

Generally, separate property will be restored to its owner. Where personal property is involved, the court is vested with wide discretion in making disposition whether it be separate or community. The evidence is sufficient to uphold the trial court's judgment. The court did not abuse its discretion in entering its judgment. For these reasons, I concur in the affirmance of the judgment.