Pansy M. GRANT, Appellant,

v.

W. C. GRANT, Appellee.

No. 3901.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

Rehearing Denied Nov. 30, 1961.

Moore & Moore, Orgain, Bell & Tucker, Beaumont, for appellant.

W. G. Walley, Jr., Everett B. Lord, Jack R. King, Beaumont, Crawford C. Martin, Hillsboro, for appellee.

WILSON, Justice.

Appellee instituted this divorce action, and his wife filed a cross-action for divorce. No children were born of their marriage. Properties owned by them were alleged to be of value in excess of $7,000,000. Judgment was rendered on a jury verdict denying appellee's prayer for divorce, and granting a divorce to appellant on her cross-action. The jury answered numerous issues submitted as to the character of various items of personal property. Realty is not involved in this appeal, and specific complaints relate primarily to disposition by the judgment of corporate stock. The record of several thousand pages is principally devoted to tracing complex transactions, to the nature of properties as being separate or community, and the physical condition of the parties.

Appellant attacks the judgment on the ground that there is no pleading to

authorize the court to do other than set aside to each of the parties their separate property and divide the community equally. Although this is the specific relief prayed for by appellant in her cross-action, appellee, in seeking order requiring statement of accounts, alleged that the properties owned by the parties "will be required to be divided between the parties in such a way as this court shall deem just and right, having due regard to the rights of the parties upon final hearing within the purview of Art. 4638 of the Revised Civil Statutes of Texas," and that final determination of a "fair and just manner" of division would require an extended trial. Both parties prayed for general relief. Art. 4638 directs the court to order a division of the estate of the parties "in such a way as the court shall deem just and right, having due regard to the rights of each party," and although as a general rule separate property will be restored to its owner, Fitts v. Fitts, 14 Tex. 450, as to personalty the court "is invested with wide discretion in disposing of any and all property of the parties, separate or community." Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23; Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313; and see Hailey v. Hailey, Tex.Sup., 331 S.W.2d 299, 302; Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682, 684. The contention is overruled. Lindsey v. Lindsey, Tex.Civ.App., 228 S.W.2d 878, 881; Scott v. Ft. Worth Nat. Bank, Tex. Civ.App., 125 S.W.2d 356, 362, writ dis.; Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702, 704; Fain v. Fain, Tex.Civ.App., 6 S.W.2d 403, 406, writ dis.; Caywood v. Caywood, Tex.Civ.App., 290 S.W. 889, 891.

■ There is evidence in this case from which the court was justified in exercising the authority vested by statute to set aside to the other certain separate property of either spouse. The case differs from Fuhrman v. Fuhrman, Tex.Civ.App., 302 S.W. 2d 205, writ dis., in which the court said it had no such facts.

■ It is said the court erred in determining that it was not bound by findings of

the jury that certain personalty was appellant's separate property. We do not regard the judgment as necessarily constituting a determination by the court that the status or character of these properties was other than as found by the jury. In most instances, items of property found by the jury to have been appellant's separate property were awarded to her by the judgment, and the judgment otherwise generally followed the jury findings except as to stock in three corporations. The judgment recited that the court found the division made was fair, just and equitable, with due regard to the rights of the parties, and awarded certain described personalty to appellant. It awarded all other personalty, whether theretofore separate or community to appellee. The fact that the separate character of some of the personalty awarded to appellee was fixed as a fact determination by the verdict, however, does not preclude its division as the statute authorizes in a proper case. The court was empowered to utilize the jury findings as to the status of the property as a basis for ascertaining what was "just and right" as the statute directs.

■ Most of appellant's brief is devoted to contentions that the court erred "in setting aside" various findings of the jury which determined the character or nature of certain personalty. Although the judgment does employ language to the effect that the findings are "set aside," it appears that the quoted language was limited and qualified to mean, as the judgment states, that the findings "are not binding upon the court" in *division* of the property; and we do not construe the judgment as necessarily meaning the court disregarded determination of the *character* of the property. Although Art. 4632 may be said to govern as to the right to have a jury determination of nature and character of property where the question is controverted, Art. 4638 governs the court's powers and duties as to division. Consequently, no reversible error is shown. Turman v. Turman, Tex.Civ.App., 99 S.W.

2d 947, 949, writ dis.; Bagby v. Bagby, Tex. Civ.App., 186 S.W.2d 702, 707, no writ; Hamm v. Hamm, Tex.Civ.App., 159 S.W. 2d 183, 186, no writ; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538, 544, no writ; Tims v. Tims, Tex.Civ.App., 201 S.W.2d 865, 866, writ dis.; Baker v. Baker, Tex. Civ.App., 104 S.W.2d 531, 532, no writ; Becker v. Becker, Tex.Civ.App., 299 S.W. 528, 530, no writ; Helm v. Helm, Tex.Civ. App., 291 S.W. 648, 650, no writ; Fain v. Fain, Tex.Civ.App., 6 S.W.2d 403, 406, writ dis.; Lindsey v. Lindsey, Tex.Civ.App., 228 S.W.2d 878, 881, no writ; Daniel v. Daniel, Tex.Civ.App., 30 S.W.2d 801, 805, no writ; 17 Tex.L.Rev. 211.

■ Appellee asserts that the court erred in awarding appellant a divorce from him because she failed to prove ground for divorce by full and satisfactory evidence. The contention is overruled.

We are unable to say from this record that the court acted arbitrarily in any respect complained of, or that there is shown any abuse of discretion. All points have been considered and are overruled. Affirmed.