Charles D. CALDWELL, Appellant,

v.

Cordia G. CALDWELL, Appellee.

No. 4666.

Court of Civil Appeals of Texas.

Waco.

Dec. 28, 1967.

Rehearing Denied Jan. 18, 1968.

Clair F. Achenbach, Dallas, for appellant.

Burt Barr, Dallas, Robert Doss, Denison, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Charles D. Caldwell from a judgment awarding plaintiff Cordia G. Caldwell a divorce, dividing property, and awarding plaintiff's attorneys a fee from community property of the parties.

Plaintiff, Cordia Caldwell, filed suit for divorce against defendant Charles Caldwell, alleging "defendant several years prior to said separation commenced a course of harsh, cruel and tyrannical treatment toward the plaintiff; that he was always continually fussing and nagging at the plaintiff; that such conduct on the part of the defendant toward her renders their further living together insupportable." Plaintiff prayed for divorce, property division, and attorneys' fees.

Defendant excepted to the allegations of cruel treatment as vague and indefinite; but did not bring same to the attention of the trial court or secure an order overruling same, and did not object to any testimony offered on the issue of cruel treatment.

Trial was to the court without a jury, which, after hearing, granted plaintiff divorce; awarded plaintiff's attorneys $8500. attorneys' fee out of community funds of the parties; awarded plaintiff her separate properties; awarded defendant $8,250.; a 1962 Dodge automobile, lawnmower, motorboat, $1,000. insurance policy on defendant's life, other insurance policies and cemetery lot; and awarded plaintiff all other community property of the parties.

Defendant appeals on 4 points, contending the trial court erred:

1) In granting divorce "for the reason that plaintiff's petition did not properly allege any ground upon which a divorce could be granted, against which defendant specially excepted."

2) In granting a divorce "for the reason there was no evidence, or insuffi-

cient evidence, to support such decree."

3) "In failing to make a particular finding of what was community property and what was separate property, thereby perpetrating a severe injustice upon defendant under the judgment."

4) In awarding plaintiff's attorneys "the sum of $8500. payable out of the community property," without a separate finding of the value of the community property.

Defendant's 1st contention is that plaintiff did not properly allege any ground upon which divorce could be granted. Plaintiff alleged "harsh, cruel and tyrannical treatment * * * which renders their further living together insupportable." While defendant excepted to the foregoing as vague and indefinite, he did not preserve the point by getting a ruling on his exception, and thereafter objecting to testimony.

■ Defendant's right to object to the pleading has therefore been waived; and the pleading is sufficient to support an action for divorce on the ground of cruel treatment. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459.

Defendant's 2nd contention is that there is no evidence, or insufficient evidence, to support a decree of divorce.

The record reflects the plaintiff is 83 years of age; the defendant some 88 years of age; and they had been married some 17 years. Plaintiff owned considerable property; defendant had none at the time of the marriage. Almost all income was from the separate property of plaintiff. Plaintiff is crippled and immobilized since 1943. She testified defendant was nagging her to give him all her property and was trying to take everything away from her, and that this caused her anxiety and unrest; that it was impossible for her to live with defendant as husband and wife. Defendant left plaintiff on 2 occa-

sions and moved out; told others that plaintiff had lost her mind; and tried to get the banker to change plaintiff's bank account to defendant's name.

■ In a divorce case the question of whether further living together by the parties is insupportable is a fact question to be determined by the trial court, under all facts and circumstances in the case, and much latitude is allowed a court in determining such question. Mobley v. Mobley (nwh) Tex.Civ.App., 263 S.W.2d 794. From the record, we cannot say the trial judge abused his discretion in granting the divorce; or that there is no evidence or insufficient evidence to sustain the judgment.

■ Defendant's 3rd contention is that the trial court erred in not making findings as to what was community property and separate property. Defendant has waived such point by not making demand for such findings by the trial court under Rule 297, Texas Rules of Civil Procedure.

■ As to the trial court's division of the community property, Article 4638, Vernon's Ann.Tex.St. prescribes that the trial court shall divide the estate of the parties in such a way as the court shall deem just and right. We are unable to say from this record that the trial court acted arbitrarily, or that there is shown any abuse of discretion. See: Grant v. Grant, (nre) Tex. Civ.App., 351 S.W.2d 897; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299.

■ Defendant's 4th contention complains of the award of attorneys' fees to plaintiff's attorneys out of the community property, "without a separate finding of the value of the community property." Defendant requested no findings of the trial court, and cannot be heard to complain of such for the first time on appeal. Rules 296, 297, T.R.C.P.

All defendant's points and contentions are overruled.

Affirmed.