**Ross Edward KEENE, Appellant,**

v.

**Eva Louise KEENE, Appellee.**

**No. 17325.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1969.

Rehearing Denied Oct. 17, 1969.

torney's fee. The final decree granted appellant a divorce, custody of the child and a division of community property. It denied appellee's counterclaim for divorce, custody and attorney's fee. Appellant's two points of error on appeal complain only that the property division was unjust to him.

Appellant's first complaint is that the trial court, having entered a decree on August 9, 1968, granting appellant a divorce but making no partition of the community property, had no jurisdiction to render another decree, at a subsequent term of court, partitioning the property. This point is without merit.

The decree of August 9, 1968 was an interlocutory order. It did not dispose of the issue, raised by the pleadings of both parties, of division of community property. Angerstein v. Angerstein, 389 S.W.2d 519, 521 (Tex.Civ.App., Corpus Christi 1965, no writ). It granted appellant's plea for a divorce and denied a similar plea by appellee. It then recited:

"IT FURTHER appearing to the Court that Plaintiff and Defendant own certain Community Property, both real and personal and that there is still a controversy as to the extent of the Community and Separate Property of Plaintiff and Defendant,

"IT IS THEREFORE the ORDER of this Court that no judgment be entered as to the division of the Community

Property at this time."

The decree then recited that appellant's temporary custody of the minor child be continued "until the Community Property has been divided between Plaintiff and Defendant by this Court." It then made provision for temporary alimony agreed upon by the parties. It was approved by the attorneys for both parties.

Jack C. Morgan, Morgan & Shumpert, Kaufman, for appellant.

Jess Rickman, Terrell, for appellee.

BATEMAN, Justice.

Appellant sued for divorce, division of community property and for custody of the minor child of the parties. Appellee's counterclaim sought the same relief, plus her at-

The decree signed on February 5, 1969, without mentioning the prior decree, grants appellant a divorce and denies appellee's counterclaim. It then partitions the community property of the parties, grants custody of the minor child to the appellant, with visitation rights to appellee, and taxes the costs equally between the parties.

Rule 174(b), Vernon's Texas Rules of Civil Procedure, provides:

> "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

We find nothing in the record to indicate an abuse of the wide discretion thus given the court, and appellant's first point is overruled.

By his second point of error the appellant says the trial court abused its discretion in partitioning the community property in that such division was manifestly unjust and unfair. The decree recites that three certain tracts of land are community property and awards all of them to appellant, awarding to appellee the sum of $12,000 in cash and community furniture in her possession. The court then found that ten other tracts of land were the separate property of appellant and set them aside to him as such.

It appears from the undisputed evidence that appellant had been previously married, and that shortly after his divorce from his first wife he entered into at least two partnerships with his father, and that at least one of them was so successful that the father's annual income was quite substantially augmented. It was also shown that the father kept his money in several bank accounts, on which appellant (as well as other members of the father's family) had the unrestricted right to draw whenever necessary. Appellant testified that at the time of trial all of his separate real property was free of debt while the community property was heavily encumbered. This evidence was sufficient to warrant an inference by the trial court that during the marriage of these parties the appellant had placed rather large sums of community cash in his father's name, where it would be easily accessible to appellant but not to appellee, and also that he had so managed the community and his separate property as to leave the former heavily encumbered and the latter unencumbered.

■ Vernon's Ann.Civ.St., Article 4638 confers upon the court granting a divorce broad discretion in disposing of the property of the parties, including their separate as well as their community property, and its action in the exercise of that discretion should not be disturbed on appeal unless an abuse of discretion is shown. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23 (1923).

■ The division of the property does not have to be equal, Roye v. Roye, 404 S. W.2d 92, 95 (Tex.Civ.App., Tyler 1966, no writ), and the court may award the wife a substantial portion of the husband's separate personal property where the circumstances make such action necessary to effect a fair and just division of property, Dale v. Dale, 141 S.W.2d 718 (Tex.Civ. App., Beaumont 1940, no writ). The court may even "go to the extent of decreeing a trust upon the separate estate of the husband for the benefit of the wife." Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313 (1939).

■ We have carefully studied the entire record and are of the opinion that appellant's contention in this respect is not supported by the evidence and that he has not carried the burden of showing abuse of discretion in the division of the property. The second point of error is therefore also overruled.

Affirmed.