**Lorraine A. TULLIS, Appellant,**

v.

**Elonzo A. TULLIS, Appellee.**

**No. 6109.**

Court of Civil Appeals of Texas, El Paso.

June 3, 1970.

Rehearing Denied June 24, 1970.

Niland & Niland, Jack T. Niland, El Paso, for appellant.

Glen Sutherland, El Paso, for appellee.

OPINION

PRESLAR, Justice.

This is a divorce case in which the appellant seeks reversal and remand to the trial court for the reason that certain disability pensions being paid to her husband were found by the trial court to be his separate property. We affirm, for the reason that the single assignment of error does not present a matter which would require a reversal of the judgment.

The judgment appealed from makes a detailed division of the property, which it recites the parties had agreed upon. It then recites, in substance, that in addition to the matters agreed upon by the parties, there is the question of the disability pensions being paid to the husband, one by virtue of military service and one by virtue of his employment by the United States Government under Civil Service, and that this matter was submitted to the court without agreement of the parties, and the court found that such pensions were disability pensions and, as such, are the sep-

arate properties of the husband. The appellant-wife's sole assignment of error in this court is:

"That the Trial Court errored in holding that the two disability pensions payable to Appellee, one a U. S. Military Pension and the other a U. S. Civil Service Pension, were, because disability pensions, separate property of the Plaintiff."

No contention is made that the court erred in its division of the property, and under such circumstances we fail to see where it would make any difference whether this court held the pensions are separate or community property. Under Art. 4638, Vernon's Ann.Tex.Civ.St., the court is directed to order a division of the estate of the parties "in such a way as the court shall deem just and right, having due regard to the rights of each party * *." As a general rule, separate property is restored to its owner. Fitts v. Fitts, 14 Tex. 443, 450. As to personal property, the court is invested with wide discretion in disposing of any and all property of the parties, whether separate or community. Grant v. Grant, 351 S.W.2d 897 (err. dism.); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306. Article 4638 contains a prohibition that neither party shall be required to divest himself of title to real estate, and it is therefore important to determine whether such real property is separate or community. There being no such prohibition on personal property, its division rests in the discretion of the court in doing equity. The trial court made a division of the estate of the parties and no error is assigned that it abused its discretion in such division. Therefore, we decline to make a meaningless decision as to whether some of that property was separate or community.

The judgment of the trial court is affirmed.