**Murray Handley BRYANT, Appellant,**

v.

**Sara Christine BRYANT, Appellee.**

**No. 5118.**

Court of Civil Appeals of Texas,
Waco.

March 23, 1972.

Ralph W. Currie, Muse, Currie & Kohen, Dallas, for appellant (on appeal only).

Joe Riddles, Tygrett, Riddles & Dollinger, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a divorce case. The trial court, sitting without a jury, granted each of the

parties a divorce, and in addition thereto gave Mrs. Bryant (Respondent-Appellee) a judgment against Mr. Bryant (Petitioner-Appellant) for $800.00 as attorney's fees plus an additional $1700.00 as her share of the community property. No children were born to or adopted by the parties during the marriage.

Appellant contends that the trial court abused his discretion by requiring Appellant to pay $1700.00 or even any sum to appellee as her share of the community property, saying there was no community property to be divided, or if there was any, that it was substantially less than $1700.00. We overrule these contentions and affirm the trial court's judgment.

The record reflects that Appellant requested no findings of fact and conclusions of law, and none were made by the trial court.

The parties married February 22, 1970 and were divorced by judgment entered August 30, 1971, the marriage having been of nearly seventeen months duration. At the time of trial, the parties had in their possession the following items of personal property which were for reasons hereinafter stated, presumably community property; one bull bought during the marriage valued by Appellant at $285.00, fifteen to twenty calves born four months or less before the trial worth $60.00 to $75.00 per head according to Appellant, $900.00 in a checking account and $200.00 in cash in Appellant's pocket, a hospitalization insurance policy for a year costing $315.60 bought by Appellant shortly before trial, which covered only the Appellant and his son by a former marriage but not Appellee, a 1958 International flatbed truck and hay-loader valued by Appellant at $700.00, and a one-half interest in a posthole digger, said one-half interest being worth $100.00. The total value of these items of personalty ranges from the low extreme of $3300.60 to the high extreme of $4000.60. Manifestly, the figure of $1700.00 awarded to Appellee as her share of the community property was well within the range of reasonableness and could not by any standard be viewed as an abuse of discretion on the part of the trial court.

Looking at the matter from another viewpoint, let us consider what the parties brought into the marriage. She (Appellee) brought about $500.00 in money, some household furniture and a used automobile with a note against it. He (Appellant) brought about $18,000.00 cash into the marriage, consisting of a $10,000.00 certificate of deposit in a Garland bank, and the balance in a safety deposit box and a checking account. He also owned before the marriage a vendor's lien note in the original principal amount of $107,010.00, dated July 15, 1968, which he acquired from the sale of a piece of real estate in Dallas County, Texas, which note was payable in annual installments and which yielded two installments of $6,955.68 each of interest, or a total of $13,911.36 during the marriage. Moreover, Appellant owned a farm in Hunt County, Texas, as his separate property, against which he owed a secured indebtedness, and upon which he made an annual payment of $3899.10, consisting of $2500.00 on the principal and $1399.10 interest. The farm showed an operating loss as far as income tax records were concerned. Appellant also owned at the time of marriage a house and lot in Dallas County, Texas, which he used as his residence, which had a secured debt against it; the monthly payments of which were $104.00 each, upon which debt the sum of $1872.00 was expended by the parties during the marriage.

During the marriage, in addition to the $13,911.36 interest income above referred to, the parties had this cash income: $379.70 interest on the $10,000.00 certificate of deposit above referred to, $916.00 from sale of calves, $46.00 per month veteran's disability compensation paid to Appellant as a disabled veteran, plus an undetermined amount of earnings by Appellee from her services in various jobs she held during the marriage.

The Appellant never made any attempt to separate any funds in any manner, but commingled money coming in during the marriage with what the parties had at the time of marriage, and made expenditures therefrom out of such funds without regard to any effort to keep a record on what might be his or her separate debts as opposed to community debts. He kept some cash in a checking account, some in a safety deposit box, and some on his person, but never with any effort to keep any record of what was community property as opposed to what was his separate property.

Art. 3.63 of the Family Code, V.A.T.S. provides:

*"Division of Property*

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

Article 5.02 of the Family Code provides:

*"Presumption*

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."

■ The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and its action in the exercise of such discretion should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair. Hedtke v. Hedtke (1923) 112 Tex. 404, 248 S.W. 21.

■ Although as a general rule separate property will be restored to its owner, Fitts v. Fitts, 14 Tex. 443, as to personalty, the court is invested with wide discretion in disposing of any and all property of the parties, separate or community. See Grant v. Grant (Waco, Tex.Civ.App., 1961) 351 S.W.2d 897, writ dismissed, and cases therein cited.

■ Moreover, the division of the property does not have to be equal. The court can be controlled by what the facts may lead him to believe is just and right. Hailey v. Hailey (1960) 160 Tex. 372, 331 S.W.2d 299. We recognize that in *Hailey*, our Supreme Court was construing old Article 4638, V.A.T.S.; however, the similarity in the wording of old Article 4638, V.A.T.S., and the present Article 3.63 of the Family Code as hereinabove quoted is sufficient to cause this rule of law to be the same. Also, see Williams v. Williams (1959) 160 Tex. 99, 325 S.W.2d 682.

■ In the case at bar, the husband freely commingled all funds coming into the marriage from all sources as hereinabove enumerated. In the light of Article 5.02 of the Family Code (the counterpart of which was former Article 4619, Sec. 1., V.A.T.S., a rebuttable presumption is created that all property possessed by the parties at the time of divorce is community property, and the burden in this instance devolved upon the husband to prove the contrary by satisfactory evidence. This means that the husband must trace and clearly identify property claimed as separate property; and when the evidence shows that separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption that the entire mass is community controls its disposition. Tarver v. Tarver (Tex.Sup.Ct., 1965) 394 S.W.2d 780.

■ In the case at bar, all of the Appellant husband's separate real estate owned by him prior to the marriage, as well as the $107,010.00 vendor's lien note, was restored to him by the trial court's judgment. In awarding the Appellee wife $1700.00 as her part of the community property, we think the trial court was acting well within his discretion.

■ One other point needs to be mentioned: The trial Court's judgment recites

that the parties "own as community property certain items which were acquired by them after marriage and that the community estate of them is entitled to certain reimbursements as a result of community funds being used for Petitioner, Murray Handley Bryant's separate estate." No request for findings of fact and conclusions of law were requested by Appellant or made by the trial court, a procedure afforded the Appellant by Rules 296 to 299, inclusive, Texas Rules of Civil Procedure. Consequently, in deciding whether the trial court abused its discretion to the prejudice of Appellant in dividing the community property as it was divided, we must consider the evidence as a whole and all reasonable inferences and deductions that may be properly drawn therefrom in the light most favorable to Appellee, bearing in mind that it was within the province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony. Roye v. Roye (Tyler, Tex.Civ.App., 1966), 404 S.W.2d 92, no writ history; Harrington v. Harrington (Houston First, Tex.Civ.App., 1970), 451 S.W.2d 797, no writ history.

Affirmed.