James W. MEDEARIS, Appellant,

v.

Mildred MEDEARIS, Appellee.

No. 11949.

Court of Civil Appeals of Texas, Austin.

Nov. 1, 1972.

Rehearing Denied Nov. 29, 1972.

Charles W. Richards, Austin, for appellant.

Paul R. Davis, Jr., Coffee, Goldston & Bradshaw, Austin, for appellee.

O'QUINN, Justice.

From judgment in district court entered in a divorce action, appellant brings this appeal assigning error in division made of the community property and in action of the trial court holding appellant in contempt for not complying with an order to surrender possession of the homestead to appellee pending appeal.

Mildred Medearis, appellee, sued James W. Medearis, appellant, for divorce and property settlement in June of 1971. After trial before the court in October, judgment was entered December 3, 1971, granting appellee a divorce from appellant and making division of the community real and personal property.

The court awarded the homestead, valued at between $10,500 and $11,500, to appellee, with the burden of paying ad valorem taxes and a paving assessment amounting to about $1,500, and subject to judgment in favor of appellant in the sum of $5,000. The trial court ordered appellant to vacate the homestead by noon of December 15, 1971, and to deliver exclusive possession to appellee, such possession to "remain effective notwithstanding any appeal . . . and notwithtanding any supersedeas bond. . . ."

Appellant refused to vacate the homestead as ordered, and appellee filed her complaint seeking to have appellant held in contempt. After hearing late in January of 1972, the trial court found appellant in contempt of the order to deliver possession of the homestead and assessed punishment at confinement for three days and a fine of $100. To permit test of the order, the trial court postponed signing the judgment of contempt, stating that unless restrained by an appellate court the trial judge would enforce the order.

Appellant sought relief before the Supreme Court of Texas, contending that the trial court was without power to hold appellant in contempt for refusing to comply with the order to surrender possession of the homestead because appellant had perfected his appeal to the Court of Civil Appeals and had filed a supersedeas bond having the effect of suspending in its entirety the trial court's judgment of December 3. The Supreme Court overruled appellant's motion for leave to file his petition for writ of prohibition.

Thereafter appellant complied with the order and delivered possession of the homestead to appellee as directed by the trial court. The record does not disclose whether as a condition of compliance, or after compliance, with the order, appellant was relieved by the trial court from payment of the fine and from serving any part of the confinement. There is no remedy by appeal in contempt proceedings, and the only remedy to review the proceedings where relator is in custody is by habeas corpus. Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex.Sup. 1967).

Appellee contended before the Supreme Court and contends in this appeal that the order of the district court, found in the judgment of December 3, 1971, directing appellant to deliver possession of the homestead to appellee, was not a final adjudication of the rights of the parties, but was a temporary order respecting property and persons in a divorce proceeding. In

support of this view appellee relies on Section 3.58 of the Texas Family Code, V.T.C.A. (formerly Article 4636, Vernon's Anno.Civ.Sts.) and a body of case law including Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938, 943 (1961). The trial court considered the order one of a temporary nature and stated in the judgment that " . . . the Court has the power to determine which of the partners to a marriage should have possession of a family residence despite the suspension of the execution of a judgment of divorce."

We conclude that the error urged by appellant as to the contempt order is not properly before this Court and that to render a decision on the issues raised under the point would constitute an advisory opinion. Texas courts are not authorized by the State Constitution to render such opinions. United Service Life Insurance Company v. Delaney, 396 S.W.2d 855, 863 (Tex.Sup.1965).

Appellant further contends that the trial court erred in making an equal division of the community property. The basis for this contention is that the trial court did not consider "the disparity between the relative earning capacities of Appellee and Appellant." Appellant argues that because he is six years older than appellee, and appellee has a better education than appellant, there exists a disparity between their respective abilities to earn a living in the future which the court failed to weigh in making an equal division of the community estate.

By statute the trial court in a divorce proceeding is directed to "order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party. . . ." Sec. 3.63, Texas Family Code (formerly Art. 4638, V.A.T.S.). It is settled that the language of the statute gives the "court pronouncing a decree of divorce . . . wide discretion in disposing of any and all property of the parties, separate or community, and . . . its ac-

tion, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair." Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23 (1923); Balander v. Balander, 299 S.W.2d 957, 958 (Tex.Civ.App. Austin 1957, no writ); Berdoll v. Berdoll, 398 S.W.2d 397, 399 (Tex.Civ.App. Austin 1966, no writ).

The record shows that appellant is an automobile mechanic, operating a gasoline service station, and from his labor and from sales he receives $7,200 to $8,400 annually. Appellant's formal education ended with high school. Appellee is a teacher and a trained "beautician." While working as a "beautician," appellee attended Prairie View A & M, where she earned a master's degree. At the time of trial appellee was a teacher in special education in Austin, with a "take home" pay of $5,632.00 per year. She has accumulated about $2,000 in the Texas Teacher Retirement System.

The trial court divided the personal property so that each party received the chattels peculiar to the work done by each. The beauty shop equipment was awarded to appellee and the garage tools and equipment were awarded to appellant. Furniture and household effects were divided between the parties, the court giving attention to which of the items each had purchased or contracted to buy on credit. Appellant was awarded 8.02 acres of land, valued at $1,750 an acre, which he had received by inheritance during marriage.

The homestead property, consisting of a house and about nine-tenths of an acre of land, was awarded to appellee. The judgment provided, however, that delinquent taxes and a paving assessment, aggregating $1,495.46, would be paid by appellee, and that the homestead would be subject to a judgment in favor of appellant in the sum of $5,000. It is undisputed that the homestead, originally costing $8,500, had a value at the time of trial of between $10,500 and

$11,500. Assuming the higher value to be correct, the trial court, after charging appellee with payment of taxes and paving claim, divided the net value of the homestead equally between the parties. The court found that division in kind of the homestead was not feasible.

Findings of facts and conclusions of law were not made, except as found in the judgment, and none was requested. The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.Sup.1962).

We do not find that the trial judge abused his discretion in making an equal distribution of the community property between appellant and appellee. On the contrary, the division of the estate of the parties appears to be just and right and the court appears to have made the division with due regard to the rights of each party.

The judgment of the trial is in all things affirmed.

Affirmed.