Vincent STEININGER, Appellant,

v.

Bonnie Pennington STEININGER, Appellee.

No. 764.

Court of Civil Appeals of Texas, Corpus Christi.

April 12, 1973.

Tibiletti & Ritchey, Phillip J. Tibiletti, Victoria, for appellant.

Woody & Rosen, Marian S. Rosen, Leonard M. Roth, Houston, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from an order holding Vincent Steininger in contempt of court. Vincent Steininger and Bonnie Pennington Steininger were divorced in the 24th District Court of Victoria County on March 12, 1971. The judgment entered was agreed to by both parties. The judgment divided the property of the parties. The

**610**

judgment awarded two adjoining lots of realty and a house on one of these lots to the wife. This property had been the separate property of the husband. The decree ordered the husband to vacate the property within ninety days. The husband has never vacated the premises. Bonnie Steininger, the appellee here, filed application in the trial court to hold Vincent Steininger, her ex-husband, in contempt for refusing to vacate the property. Upon a hearing on the motion, the trial court found the ex-husband in contempt of court. The court fined him $100.00 and assessed three days in jail as penalty. The ex-husband gave notice of appeal, whereupon the trial judge suspended the sentence pending the appeal from the order. It is from that order holding him in contempt that the appellant appeals to this Court.

The appellant's single point of error contends that the trial court was in error in holding him in contempt because the trial court lacked jurisdiction in the main divorce suit to divest him of his separate property. The ex-wife, appellee herein, replies that this Court has no jurisdiction to hear a direct appeal from a contempt order. We agree with the appellee.

The trial judge's sentence for contempt is criminal in nature. The distinction between civil and criminal contempt is not always clear, but this distinction is well stated in Ex parte Hosken, 480 S.W.2d 18 (Tex.Civ. App.—Beaumont 1972). Regardless of whether the contempt was civil or criminal, appellant's appeal is without merit. This Court has no jurisdiction to hear an appeal from any contempt proceedings, civil or criminal. Ex parte Cardwell, 416 S.W.2d 382 (Tex.Sup.1967) ; Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956). See Medearis v. Medearis, 487 S.W.2d 198 (Tex. Civ.App.—Austin 1972).

Appellant's contention throughout is that the trial court had no power to divest him of his separate realty. This question is not really before us. The appellant entered into and signed an agreed judgment di-

vesting himself of title to his separate property and gave it to his wife Bonnie Pennington Steininger. The judgment making such division is not final. Attack on such judgment cannot be made the subject of an attempted appeal concerning the disobedience by the appellant of the trial court's order and judgment.

Bonnie Pennington Steininger, the appellee, by cross-point seeks attorney fees, damages and costs because of the alleged frivolous appeal by this appellant. This Court has no authority to award attorney fees to either side except to review such award as may have been made in the trial court below. Under Rule 435, Texas Rules of Civil Procedure, we have authority to award damages not to exceed ten percent of the amount of the original judgment. This rule is inapplicable in the case before us. Costs of this proceedings in this Court are assessed against the appellant.

Judgment of the trial court is affirmed.