Thomas Neal **RENFRO**, Appellant,

v.

Mary Lou **RENFRO**, Appellee.

No. 5245.

Court of Civil Appeals of Texas,
Waco.

July 26, 1973.

James E. Ferguson, Cleburne, for appellant.

Rex L. McEntire, Fort Worth, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Thomas N. Renfro from judgment awarding plaintiff Mary L. Renfro divorce, dividing community property, and awarding plaintiff custody of the parties' two daughters.

Plaintiff Mary L. Renfro sued defendant Thomas N. Renfro for divorce alleging "the marriage insupportable because of discord and/or conflict of personalities". Plaintiff prayed for divorce, custody of the parties' two minor children, and division of community property.

Defendant answered by general denial.

Trial was to the court which granted plaintiff divorce; awarded plaintiff custody of the two minor daughters; and divided the parties' property.

Defendant appeals on 4 points:

1) The trial court erred in granting divorce because plaintiff failed to testify to the necessary elements as set out in Section 3.01, Family Code, V. A.T.S.

2) The trial court erred in granting divorce as insufficient evidence was adduced to support granting a divorce on grounds of insupportability.

3) The trial court erred in finding plaintiff the proper person for custody of the minor children.

4) The trial court erred in its division of the community property.

Contentions 1 and 2 assert the trial court erred in granting the divorce.

■ Plaintiff sought divorce alleging the marriage insupportable because of discord and conflict of personalities. Section 3.01 of the Family Code provides for divorce "if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation". Plaintiff testified defendant "asked her to leave home" and told her she "had never been a wife and he no longer wanted her"; that he accused her of meeting and seeing other men when there was no foundation for this; that the marriage was "incompatible"; and that there was no way to make a go of the marriage.

The evidence is ample to sustain the decree of divorce under Section 3.01 of the Family Code. Cusack v. Cusack, Tex.Civ. App., NWH, 491 S.W.2d 714.

Contention 2 asserts the trial court erred in awarding custody of the two minor daughters to plaintiff. Defendant did not ask for custody at the time of trial. The girls age 15 and 17 were living with their mother and were attending high school near their home. Both expressed a desire to live with their mother.

■ The trial court has a wide discretion in awarding custody of children, and its award will not be reversed unless an abuse of discretion is clearly shown. Holitzke v. Holitzke, Tex.Civ.App., NWH, 476 S.W.2d 360; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Robinson v. Ashner, Tex.Sup., 364 S.W.2d 223; Meyer v. Meyer, Tex.Civ.App., Er.Dismd. 361 S.W.2d 935.

■ No abuse of discretion has been shown. The evidence is ample to sustain the award of custody to plaintiff.

■ Contention 4 asserts the trial court erred in its division of the parties' community property. The trial court awarded plaintiff a 54.61 acre tract; furniture; cemetery lots; 4 cars; dogs; bank accounts in her name; ½ acre of land; a house and lot; and certain personal property. The trial court awarded defendant 2 cars; a 24.5 acre tract; a house and lot; a 2 acre tract; 2 lots; bank accounts in his name; used automobiles; and certain personal property.

Article 3.63 of the Family Code (Old Article 4638 VATS) provides in a divorce the court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage".

We are unable to say from the record that the trial court acted arbitrarily, or that there is shown any abuse of discretion. See Grant v. Grant, Tex.Civ.App., NRE, 351 S.W.2d 897; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; Caldwell v. Caldwell, Tex.Civ.App., NWH, 423 S.W.2d 140; McHone v. McHone, Tex.Civ.App., Er.Dismd. 449 S.W.2d 488; Bryant v. Bryant, Tex.Civ.App., NWH, 478 S.W.2d 602; Tullis v. Tullis, Tex.Civ.App., Er. Dismd. 456 S.W.2d 172; Dorfman v. Dorfman, Tex.Civ.App., NWH, 457 S.W.2d 91.

Defendant's points are overruled.

Affirmed.