**Eleanor PHILP, Appellant,**

v.

**Morris L. PHILP, Appellee.**

**No. 5392.**

Court of Civil Appeals of Texas, Waco.

Nov. 21, 1974.

------◆------

Laurel A. Bates, Dallas, for appellant.

James N. Dearien, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Eleanor Philp from judgment granting plaintiff Morris L. Philp a divorce, and dividing the property of the parties.

Plaintiff filed suit for divorce and property division against defendant. Defendant filed answer, and request for counselling. The request for counselling of plaintiff was denied. Trial before the court without a jury resulted in judgment for divorce in favor of plaintiff and property division.

Defendant appeals on 7 points contending:

1) The trial court erred in not requiring plaintiff to be counselled by a marriage counsellor.

2) The trial court erred in its division of the parties' community property.

3) The trial court erred in not awarding defendant attorneys' fees.

■ Defendant's 1st contention is the trial court erred in denying her motion for counselling, of plaintiff, and her motion for continuance so that counselling of plaintiff could take place.

Section 3.54 of the Family Code, V.T.C.A. provides that the trial court may in its discretion direct the parties to a divorce suit to counsel, and if the court is of the opinion there exists a reasonable expectation of the parties reconciliation the court may continue the proceedings for counselling.

The parties here had been married 26 years and had one grown son. Plaintiff was a retired Air Force Master Sergeant and was working at SMU as Assistant Director of Payroll; defendant had been a registered nurse but had not worked in several years. Both parties had developed some illness. Plaintiff testified the marriage was insupportable; that if the divorce was denied he would never go back to his wife; that his attorney told him of the motion to request the court to order the parties to see a marriage counsellor; that he was unwilling to see a marriage counsellor; that he had determined 12 or 15 years earlier that as soon as his son was grown he would get a divorce; that his big mistake was not getting a divorce 12 years earlier; that the marriage was impossible; that the marriage developed a sickness from which it could not recover; that there would be no services that could help our situation; that he only stayed with his wife as long as he did because of the son; that there is nothing under any condition that would cause a reconciliation in the marriage; that he and his wife seldom had anything to say other than to argue, which they did constantly; that he dreaded the thought of going home because it was the most unpleasant and most uncomfortable place there was.

We cannot say the trial court abused its discretion in not ordering counselling, or in not continuing the case for counselling.

■ Contention 2 asserts the trial court erred in its division of the parties' properties.

The trial court divided the parties' properties substantially as follows: 1) The home inventoried at $31,500. (subject to $16,000. debt) was ordered sold with first $2000. to defendant, and balance to be equally divided. 2) Community debts in approximate amount of $7900. to be paid by plaintiff (except $700. owed on car in possession of defendant to be paid by her). 3) Plaintiff to receive car in his possession, his life insurance policies, personal property in his possession, $200. checking account, ⅚ of his $281. per month military retirement pay, and $4000. vested interest in SMU retirement plan. 4) Defendant to receive ⅙ of $281. per month military retirement pay, her social security benefit of $173. per month, car in her possession, her life insurance, $560. checking accounts, and all remaining personal property and furniture (approximately $2700. in value).

Thus plaintiff was awarded $234. per month income, and money and property worth approximately $4000. after payment of debts charged to him; and defendant was awarded $220. per month income, and money and property worth approximately $11,000. after payment of debts charged to her.

Article 3.63 of the Family Code (old Article 4638 Vernon's Ann.Tex.Civ.St.) provides in a divorce the court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage".

We are unable to say from the record that the trial court acted arbitrarily, or that there is shown any abuse of discretion in its division of the property. See Renfro v. Renfro, Tex.Civ.App., N.W.H., 497 S.W. 2d 807; Grant v. Grant, Tex.Civ.App., N. R.E., 351 S.W.2d 897; Hailey v. Hailey, S.Ct., 160 Tex. 372, 331 S.W.2d 299; Caldwell v. Caldwell, Tex.Civ.App., N.W.H., 423 S.W.2d 140; McHone v. McHone, Tex.Civ.App., Er.Dismd., 449 S.W.2d 488; Bryant v. Bryant, Tex.Civ.App., N.W.H., 478 S.W.2d 602; Tullis v. Tullis, Tex.Civ. App., Er.Dismd., 456 S.W.2d 172; Dorfman v. Dorfman, Tex.Civ.App., N.W.H., 457 S.W.2d 91.

Contention 3 asserts the trial court erred in not awarding defendant attorneys' fees.

■ The trial court did not abuse its discretion in not awarding defendant attorneys' fees having divided the parties' properties as it did.

Defendant's points and contentions are overruled.

Affirmed.