Baldomar S. RAMIREZ, Appellant,

v.

Maria Luisa Vasquez RAMIREZ,
Appellee.

No. 971.

Court of Civil Appeals of Texas,
Corpus Christi.

June 26, 1975.

Raul A. Gonzalez, Jr., Brownsville, for
appellant.

Tony Martinez, Joe W. Walsh & Associates, Brownsville, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from the judgment entered in a divorce action. Appellee, Maria Luisa Vasquez Ramirez, instituted this suit against appellant Baldomar S. Ramirez, seeking a divorce, custody of their minor child and a division of the estate of the parties. After a trial before the Court, sitting without a jury, judgment was entered dissolving the marriage, granting custody of the child to the appellee and dividing the property. Appellant Baldomar Ramirez has duly perfected his appeal to this Court limiting his complaint on appeal to the Court's action in the division of the property.

The parties herein, Maria Ramirez and Baldomar Ramirez, were married on or about December 16, 1951. During the pendency of the marriage, the parties adopted a child in 1963. The parties subsequently ceased living together on May 3, 1974. The wife filed her petition for divorce on May 6, 1974. The trial court

granted the wife the divorce, named her as managing conservator, and divided the property.

The property division made by the trial court was as follows: Maria Ramirez was awarded (a) the 1972 Ford LTD automobile; (b) the household furniture; (c) the color T.V.; (d) the house and a lot located on Farm Road 803, Cameron County, Texas, being 1.61 acres of land out of 50 acres.

Baldomar Ramirez was awarded: (a) the 1965 Ford Fairlane automobile; (b) a 16' aluminum boat and a 90 horsepower motor; (c) an International Scout automobile; (d) the Farmall tractor-equipment; (e) 1 share in Farmers Gin Association; and (f) the balance of the 50-acre tract of land. The properties awarded were subject to any indebtedness charged against them.

The court ordered that all other debts and financial obligations were to be paid by the husband. Finally, the court awarded to the minor child certain stock shares and certificates of deposit of which there is no complaint. The record reveals that the house and land (a 50 acre tract) was property inherited by the husband prior to his marriage, and as such, constituted his separate property. After the marriage the parties moved into the house and made various improvements on the house, enhancing its value by some $2,500.00 from its original state. There is no dispute by the wife that the 50 acre tract upon which the house was located was the husband's separate property.

The husband limits his appeal to that portion of the judgment divesting him of title to his separate real property, that being the house and the 1.61 acres on which the house is located. In his two points of error, he complains that the trial court erred and abused its discretion in divesting him of title to his separate real property.

The statutory provision governing the court's action in dividing the property of the parties is Section 3.63 of the Texas Family Code, Vernon's Tex.Rev.Civ.Stat. Ann. (formerly article 4638), which reads: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." This relatively new provision has raised the issue as to whether the law has changed so that the Courts now have the power to divest a person of his separate real property in a divorce proceeding. We think they do not.

In deciding such question, we believe the legislative history should be considered. The predecessor of Section 3.63 was article 4638, Vernon's Tex.Rev.Civ.Stat.Ann., which reads:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. *Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate.*" (Emphasis added.)

A great deal of confusion arose concerning the last sentence in the above article, that being whether such restriction was limited to the separate real property of a party, or the community real property, or both. However, in 1960, the Texas Supreme Court in Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960), laid the question to rest. It stated that: "That part of Art. 4638 contained in the last sentence, which prohibits the divestiture of title by either party to real estate, has no application to the community real estate but applies only to the separate property of each party." The Supreme Court again in McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722 (1961) reaffirmed their prior holding in *Hailey* by stating that a Texas Court is not authorized to divest either spouse of his or her title to separate property, citing the *Hailey* case.

After such holdings, there seemed to be no question that a court was without authority to divest either spouse of their separate real property. See also, Reardon v. Reardon, 163 Tex. 605, 359 S.W.2d 329 (1962); Grant v. Grant, 351 S.W.2d 897 (Tex.Civ.App.—Waco 1961, writ dism'd); Harrison v. Harrison, 365 S.W.2d 698 (Tex. Civ.App.—San Antonio 1963, writ dism'd); Alexander v. Alexander, 373 S.W.2d 800 (Tex.Civ.App.—Corpus Christi 1963, no writ); Holmes v. Holmes, 447 S.W.2d 423 (Tex.Civ.App.—Waco 1969, no writ); Hearn v. Hearn, 449 S.W.2d 141 (Tex.Civ.App.—Tyler 1969, no writ).

■ It should be noted that the restriction the Supreme Court put on the courts with respect to either spouse's separate property related only to their separate real property. Whereas as to personalty, the courts are vested with wide discretion in disposing of any and all property of parties, separate or community. Fitts v. Fitts, 14 Tex. 443 (Tex.Sup.1855); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23 (1923); Cooper v. Cooper, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); Bryant v. Bryant, 478 S.W.2d 602 (Tex.Civ.App.—Waco 1972, no writ); Dorfman v. Dorfman, 457 S.W.2d 91 (Tex.Civ.App.—Waco 1970, no writ); Dillingham v. Dillingham, 434 S.W.2d 459 (Tex.Civ.App.—Fort Worth 1968, writ dism'd); Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969, writ dism'd); Tullis v. Tullis, 456 S.W.2d 172 (Tex.Civ.App.—El Paso 1970, writ dism'd). The court may even go to the extent of decreeing a trust upon the separate estate of the husband for the benefit of the wife. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939); Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969, writ dism'd).

When Section 3.63 of the Family Code was enacted into law and became effective January 1, 1970, it was obvious that the draftsmen omitted the latter provision with respect to divestiture of title to land. The omission of the last sentence of former article 4638 from the present statute (Section 3.63) again created doubt as to its meaning, this time with respect to whether a court now has the authority to divest a spouse of his separate real property. The wife argues that it is clear that the specific deletion of that language, appearing in the last sentence in article 4638, was done for the purpose of relieving the courts of any such limitation. We disagree. Professor Joseph W. McKnight in his commentary on Section 3.63, found in 5 Tex.Tech.L.Rev. 337, 338, states:

> "In formulating section 3.63 the draftsman omitted the proviso with respect to divestiture of title to land. But the commentary on the section which was presented to the Legislature, stated that: 'This is a codification of present law.' The misrepresentation was recognized soon after the Family Code was passed but no effective action has been taken to clarify the meaning of this section."

See also, Huie, Commentary on The Community Property Law of Texas, Vol. 13, Tex.Rev.Civ.Stat.Ann. pp. 45–48; McKnight, Matrimonial Property—Annual Survey of Texas Law, 27 S.W.L.J. 27, 38–39 (1973).

In Bryant v. Bryant, 478 S.W.2d 602, 605 (Tex.Civ.App.—Waco 1972, no writ), the court stated there that: "Although as a general rule separate property will be restored to its owner . . . ., (but) as to personalty, the court is invested with wide discretion in disposing of any and all property of the parties, separate or community." The court continued by stating: "We recognize that in *Hailey*, our Supreme Court was construing old Article 4638, V.A.T.S.; however, the similarity in the wording of old Article 4638, V.A.T.S., and the present Article 3.63 of the Family Code as hereinabove quoted is sufficient to cause this rule of law to be the same." See also Cooper v. Cooper, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); DePuy v. DePuy,

483 S.W.2d 883 (Tex.Civ.App.—Corpus Christi 1972, no writ) (concurring opinion). We have found no Texas case to the contrary.

As further authority, with respect to the legislative intent, Section 3.63 (as well as former article 4638) states ". . . the court shall order a division of *the estate of the parties* in a manner that the court deems just and right . . .." There can only be one "estate of the parties", which belongs to both, that being the community estate. Had the legislature intended the courts to have the authority to divest spouses of their separate real property, they would have used "*estates*" of the parties or the legislature would have specifically so stated.

The wife cites as her authority for the proposition that the courts now, under Section 3.63, have the authority to divest a spouse of his separate real property in a divorce proceeding, the following cases: Medearis v. Medearis, 487 S.W.2d 198 (Tex. Civ.App.—Austin 1972, no writ); In Re Marriage of McCurdy, 489 S.W.2d 712 (Tex. Civ.App.—Amarillo 1973, writ dism'd); Schreiner v. Schreiner, 502 S.W.2d 840 (Tex. Civ.App.—San Antonio 1973, writ dism'd); and Wilkerson v. Wilkerson, 515 S.W.2d 52 (Tex.Civ.App.—Tyler 1974, no writ). Since the wife relies heavily on these cases as authority for her proposition, each should be critically reviewed so as to determine if they actually do support her contentions.

In the *Medearis* case, the question of whether a court in a divorce proceeding could divest either spouse of his or her separate real property was not present, nor was it discussed. In fact there was no mention of any separate real property upon which the parties had a dispute. There was no divestiture of either party's separate real property and as such *Medearis* provides no support for the wife's contentions. The court in Medearis based its opinion upon Balander v. Balander, 299 S.W.2d 957 (Tex.

Civ.App.—Austin 1957, no writ) and Berdoll v. Berdoll, 398 S.W.2d 397 (Tex.Civ.App.—Austin 1966, no writ), where again no separate real property was involved—but only separate personalty.

The case of *Schreiner* again provides no basis or support for petitioner's contentions. In that case, the appellant wife complained that the trial court erred in designating some 66,000 acres of land separate property of the husband and awarding the same to him, because there was no evidence as to the "separate character" of the property. The major question presented there was whether there was evidence to support the trial court's finding of separate property rather than community, without raising any question as to the court's authority to divest a spouse of his separate real property. It should be noted that the court in Schreiner, after once determining the separate character of the property, awarded it to the husband, its owner, while awarding the wife virtually all the net community estate. Again, petitioner's contentions find no support in this case.

We next consider the *McCurdy* case. There was no mention or dispute over separate real property, nor was the issue raised as to the court's authority to divest a spouse of his or her separate real property. The wife herein is evidently relying on a portion of the court's language set out as follows:

"The trial judge is not required to divide community property equally and a substantial portion of the husband's separate property may be awarded to the wife when the circumstances make such action necessary in connection with bringing about a fair and just division of the property. See Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ.App.—Tyler 1969, no writ); Keene v. Keene, 445 S.W.2d 624 (Tex.Civ. App.—Dallas 1969, writ dism'd); Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, no writ); Dillard v. Dillard, 341 S.W.2d 668 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.)."

However, upon reviewing the above cited cases, supporting such language, we find that these cases had nothing to do with divestiture of either spouses' separate *real* property, nor did they even discuss it. The cases stand for the proposition that a court may award the wife a substantial portion of the husband's *separate personal property* where the circumstances make such action necessary to effect a fair and just division of all of the property. There was no divestiture by the courts of either spouses' separate real property in the McCurdy case nor any of the cases cited therein and as such provides no support for the wife's contentions.

■ Finally, we come to the wife's last cited authority, that being Wilkerson v. Wilkerson, 515 S.W.2d 52 (Tex.Civ.App.— Tyler 1974, no writ). In this case, the wife's separate estate was vested with an equitable interest in a certain tract of land designated by the trial court as community property. In the property division, the court granted this tract of land to the husband. The wife had paid the sum of $20,092.00 of her separate funds in the purchase of the land costing $26,115.00 and, therefore, claimed she should have been awarded a 20/26 undivided interest in the title as her separate real estate. The wife argued that since it was real property, the trial court had no authority to divest her of title to her separate property. The Tyler court rejected this argument and held that the trial court had authority to divest her of her equitable interest in the farm land, citing the following language found in Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935):

"The cases recognizing the general right of reimbursement between estates will disclose that the right of the estate claiming and entitled to reimbursement is not *a fixed right or title in the property sought to be charged, but is an equity.*

What is that equity, and how and when is it to be enforced? These are the questions presented here for decision. We admit they are not free of difficulty. The decisions have correctly classified the right of the one making such advancement as an equity, and the final determination of the rights of the respective parties is to be determined upon equitable principles as to the amount of reimbursement, as well as the means of enforcing the same." (Emphasis supplied.)

The Wilkerson case is limited to its particular facts. The courts have long considered the community or separate character of each asset, the reasons for the parties' separation, the disparity in earning powers and business opportunities, capacities and abilities, the relative conditions of the parties, the size of the community assets, and the separate estate of each in determining an equitable division to be made of the estate of the parties. In determining an equitable division of the parties' property, either spouse's separate real property can be considered. When the circumstances of the case reveal that one spouse will retain considerable separate property with the community estate being not so large, the facts and equities of the case may support an unequal division of the community estate in favor of that spouse not having much separate property. See Zaruba v. Zaruba, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); Schreiner v. Schreiner, supra.

■ The trial court, in the case at bar, did divest the husband of a portion of his separate real property (i. e., 1.61 acres) and in doing so, exceeded its authority. The husband's points of error are sustained.

Judgment of the trial court is reversed and the cause remanded.