Charles R. CROWELL, Appellant,

v.

Dorothy Faye CROWELL, Appellee.

No. 18066.

Court of Civil Appeals of Texas, Fort Worth.

March 8, 1979.

Rehearing Denied March 29, 1979.

Farrar & Claunch and Jim Claunch, Fort Worth, for appellant.

Jack H. Garrett, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

This appeal is from the division of property in a divorce case. Charles Crowell claims that the trial court erroneously classified his business as community property and thus abused its discretion and made an unjust division of the property.

We affirm.

The judge filed findings of fact and conclusions of law as requested by Mr. Crowell. In them he stated that all property, real, personal or mixed, owned by the parties was community. Mr. Crowell was awarded all outstanding shares of stock held in his name in the business; any and all interest in the business; a mobile home that he had purchased after their separation; a 1971 Pontiac (presently being used by a daughter by a previous marriage); a 1977 Triumph; furniture and appliances in his possession; and a color TV and stereo equipment.

Dorothy Crowell was awarded the family home; all furniture, appliances and personal effects in her possession, a 1971 Chevrolet and 160 shares of stock in the business that were in her name. All property awarded to either party was to be subject

to any indebtedness charged against it. Money was owed on the mobile home, the Pontiac and the Triumph. The parties had stipulated that the value of the house was $34,000.00, with a balance due of $12,000.00, leaving an equity of $22,000.00.

The parties agreed Mrs. Crowell was to be the managing conservator of their two daughters and that Crowell was to pay $50.00 a week child support, as well as maintaining medical and hospital insurance on the children. He was named possessory conservator.

Crowell testified that: he began a tax service in 1961, a sole proprietorship at which he worked part time; it became a partnership in 1964, but he still only spent half of his time there; in early 1966 the tax service became his primary business. The couple married in October of 1966. A third partner was added in 1967 on a part time basis for only one "tax season". The partnership purchased some office furniture and equipment and rented office space. In March of 1968 the business was incorporated. The couple separated in March of 1977. Husband testified he owned approximately 94% of the outstanding shares of the corporation. According to the latest financial statement sent to all stockholders, the corporation has assets in excess of $243,000.00.

Crowell contends his business was erroneously characterized as community then awarded to him as the major portion of his share of the community property. He argues the effect of the trial court's erroneous characterization is that Mrs. Crowell received a disproportionate share of the community property. He argues that the business was his separate property and that its return to him should not have prevented him from receiving a fair share of the couple's community assets. He claims that since the wife received the house (which he contends is the only sizable community asset), the trial court's division of the property was manifestly unjust and the court abused its discretion.

As we understand Crowell's arguments, a trial court must correctly characterize a

couple's property in order to make a division of it that is "just and right". In other words, a property division which is based on a mischaracterization is manifestly unjust and unfair.

In order to reverse the trial court's property division, the record must reveal a clear abuse of discretion and that the property division is manifestly unjust and unfair. Further, it is presumed that the trial court exercises proper discretion in making the division of the estate. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974). The issue then in this case is, if the property division was fair and just under the circumstances, is it even relevant whether or not the husband's business was erroneously classified as community property?

Crowell argues that this division of the property violates the principles of Tex.Family Code Ann. §§ 3.63, 5.01 (1975) and the holding of the Supreme Court in *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex. 1977). § 3.63 provides that in a divorce the estate of the parties is to be divided "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Husband correctly states in his brief that the court in *Eggemeyer* held that the only estate of the parties to be divided under § 3.63 is the community estate. § 5.01 is the definition of a spouse's separate property.

The Supreme Court in *Eggemeyer* held that title to separate realty may not be divested in favor of the other spouse, but it may be administered for the support of children. The issue of division of separate personalty, the type of property that was allegedly classified erroneously here, was not before the court. Some commentators have argued that some of the reasoning in *Eggemeyer* could also apply to a division of separate personalty and therefore it would

follow that a division of it would be forbidden. See McKnight, *Family Law: Husband and Wife,* 32 Sw.L.J. 109, 124–125 (1978).

However, some of our intermediate appellate courts have approved a division of separate personalty. The Dallas Court of Civil Appeals concluded that the holding in *Eggemeyer, supra,* was limited to separate real estate, the only kind of property mentioned by the Supreme Court in that opinion. *Muns v. Muns,* 567 S.W.2d 563, 566 (Tex.Civ.App.—Dallas 1978, no writ). See also *Eichelberger v. Eichelberger,* 557 S.W.2d 587, 589 (Tex.Civ.App.—Waco 1977, writ granted) in which it was held that *Eggemeyer* does not control the division of separate personalty and the rule that the court may award all or a part of either spouses' separate personal property to the other was applied. In the *Eggemeyer* case, the Supreme Court expressly approved the decision in *Ramirez v. Ramirez,** 524 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1975, no writ). The court in *Ramirez* stated that the restriction on divestment of either spouse's separate property relates only to separate real property, and courts have wide discretion in disposing of any and all personal property of the parties, separate or community. Id. 524 S.W.2d at 769.

The case law before the *Eggemeyer* decision was that an error in characterization of property as separate or community would not justify a reversal if the division was otherwise fair. *Law v. Law,* 517 S.W.2d 379, 384 (Tex.Civ.App.—Austin, 1974, writ dism'd). The Supreme Court has also held that it is appropriate to consider the extent of the separate estate of one spouse and its condition during marriage in making an appropriate disposition of the community assets and liabilities. *Bell v. Bell,* supra.

We find it unnecessary to reach the question of whether the husband's business was

---

* The Supreme Court limited its express approval to the actual decision in *Ramirez* which was that the enactment of § 3.63 of the Family Code did not change the law with respect to divest-

ment of title to real estate. Hence, the intent of the Supreme Court in its reference to *Ramirez* is not clear. *Muns, supra,* 567 S.W.2d at 566.

separate or community property. In dictum the court in *Eggemeyer* stated that trial courts have a broad latitude in the division of marital community property. 554 S.W.2d at 142, 147 to 149. Regardless of how the court characterized the husband's business, it was empowered by the statute and case law to make the division it did of the couple's community estate. Under the facts of this case we hold that the trial court did not make an unfair division of the couple's community assets and did not abuse its discretion.

Affirmed.